MEMORANDUM OPINION


No. 04-04-00762-CV

Michelle D. COX,
Appellant

v.

VANGUARD HEALTH SYSTEMS, INC. 
d/b/a San Antonio Partners Baptist Health System 
d/b/a North Central Baptist Hospital and Daniel Luczkow, M.D.,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CI-13939
Honorable Martha Tanner, Judge Presiding
 
Opinion by:    Karen Angelini, Justice
 
Sitting:            Alma L. López, Chief Justice
Karen Angelini, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   September 28, 2005

AFFIRMED
            Michelle Cox appeals the trial court’s dismissal for failure to file an adequate expert witness
report required by former article 4590i, section 13.01 of the Texas Revised Civil Statute.


 Cox argues
the report was sufficient or, alternatively, that Cox should have been granted an extension to file an
adequate report. We disagree and affirm the judgment of the trial court.
Factual and Procedural Background
            On October 19, 2001, Michelle Cox was involved in an automobile accident in which she
lost consciousness and was transported to North Central Baptist Hospital (“Baptist”). She was treated
by Dr. Daniel Luczkow, who ordered the administration of various pain medications, including
morphine, phenergan, and ativan. Cox alleges that these medications caused her to suffer a
respiratory depression, which resulted in hypoxia. According to Cox, this hypoxic state caused
neurological brain injuries. 
            Cox filed suit on August 29, 2003, alleging that Dr. Luczkow was negligent in ordering the
narcotics, and that the nurses at Baptist were negligent in administering the narcotics and in
monitoring Cox’s treatment.  Baptist and Dr. Luczkow both filed motions to dismiss, arguing that
the expert report tendered by Cox’s expert witness, Dr. Rick Downs, did not establish the
prerequisites of article 4590i. According to Baptist and Dr. Luczkow, the report failed to show Dr.
Downs’s experience in emergency room practice, and it contained general, conclusory statements,
like the following:
Based upon my education and experience, I am familiar with the standard of care in
Bexar County, Texas or a like or similar community applicable to the administration
of narcotic (opiate) drugs given by injection for the relief of pain. The standard of
care for giving narcotic pain medication with respiratory depressant properties is to
establish baseline vital signs (blood pressure, pulse, respiratory rate, and mental
status) and reassess the vital signs periodically with each subsequent dose, which was
not done in this case, deviating from the standard of care. This deviation from the
standard of care led to prolonged respiratory depression. Prolonged respiratory
depression with narcotics leads to extended hypoxemia and is well known to cause
anoxic brain injury. It is my opinion that Michelle Cox received substandard medical
care given the massive dose of narcotics, lack of reassessment of vital signs or mental
status by nursing or physician personnel and that this deviation from the standard of
care was the proximate cause of her suffering an extended period of hypoxemia
leading to irreversible anoxic brain injury.

The trial court granted both motions to dismiss. Cox appeals the trial court’s order, arguing that the
report was adequate and that she was denied an extension to amend the report.
DiscussionA.Dismissal
            In her first issue, Cox contends Dr. Downs is a qualified expert witness and the report was
a good faith effort. According to the statute, the expert must be a physician who: 
            (1) is practicing medicine at the time such testimony is given or was practicing
medicine at the time the claim arose; 
 
(2) has knowledge of accepted standards of medical care for the diagnosis, care, or
treatment of the illness, injury, or condition involved in the claim; and 
 
(3) is qualified on the basis of training or experience to offer an expert opinion
regarding those accepted standards of medical care.

Act of May 26, 1989, 71st Leg., R.S., ch. 1027, § 27, 1989 Tex. Gen. Laws 4128, 4145, amended
by Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 2, 1995 Tex. Gen. Laws 985, 988 (former Tex.
Rev. Civ. Stat. art. 4590i, § 14.01(a)), amended by Act of May 13, 1999, 76th Leg., R.S., ch. 242,
§ 1, 1999 Tex. Gen. Laws 1104, 1104-05, repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204,
§ 10.09, 2003 Tex. Gen. Laws 847, 884. Concerning the third requirement, the court must consider
whether the witness is board certified or has other substantial training in an area of medical practice
relevant to the claim, and whether the witness is actually practicing medical services relevant to the
claim. See id. (former Tex. Rev. Civ. Stat. art. 4590i, §14.01(c)).
             A claimant must provide a report, with curriculum vitae, by such an expert to each party
within 180 days after filing a health care liability claim. See id. (former Tex. Rev. Civ. Stat. art.
4590i, §13.01(d)(1)). The report must, first, inform the defendant of the specific conduct complained
of and, second, provide a meritorious claim. See Am. Transitional Care Ctrs. of Tex., Inc. v.
Palacios, 46 S.W.3d 873, 879 (Tex. 2001). A report that merely states the expert’s conclusions about
the standard of care, breach, and causation does not fulfill these two purposes. See id. To fulfill these
two purposes, the report must provide a fair summary of the expert’s opinions as of the date of the
report regarding applicable standards of care, the manner in which the care rendered by the physician
or health care provider failed to meet the standards, and the causal relationship between that failure
and the injury, harm, or damages claimed. Act of May 26, 1989, 71st Leg., R.S., ch. 1027, § 27, 1989
Tex. Gen. Laws 4128, 4145 (former Tex. Rev. Civ. Stat. art. 4590i, § 13.01(r)(6)), repealed by Act
of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. 
            In considering whether the report is sufficient, a trial court looks only to the report; an
omission of any requirement does not constitute good faith. Am. Transitional Care Cntrs, 46 S.W.3d
at 878. If the report does not represent a good faith effort to comply with the definition of an expert
report, the court shall dismiss the claim. See Act of May 26, 1989, 71st Leg., R.S., ch. 1027, § 27,
1989 Tex. Gen. Laws 4128, 4145 (former Tex. Rev. Civ. Stat. art. 4590i, § 13.01(l)), repealed by
Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884.
            We review a trial court’s decision to dismiss a case for failure to provide an adequate expert
report under an abuse of discretion standard. Am. Transitional Care Ctrs., 46 S.W.3d at 877. Under
this standard, we “may not disturb the trial court’s resolution of factual issues, even if [we] would
have decided the issue differently, unless the resolution is shown to be arbitrary and unreasonable.”
Doades v. Syed, 94 S.W.3d 664, 671 (Tex. App.—San Antonio 2002, no pet.) (citation omitted). “A
trial court’s resolution of a factual issue is arbitrary and unreasonable if the relator establishes that
the trial court could reasonably have reached only one decision.” Id. (citation omitted).
            Dr. Downs is qualified as an expert in the treatment of pain and its evaluation; he is a medical
school professor and has authored many peer-reviewed articles on medications and the circulatory
system. However, “given the increasingly specialized and technical nature of medicine, there is no
validity, if there ever was, to the notion that every licensed medical doctor should be automatically
qualified to testify as an expert witness on every medical question.” Broders v. Heise, 924 S.W.2d
148, 152 (Tex. 1996). Here, the trial court required an expert with knowledge of emergency
medicine. We find no error in that judgment. 
            In his report, Dr. Downs bases his opinion on “the standard of care in Bexar County, Texas
or a like or similar community applicable to the administration of narcotic (opiate) drugs given by
injection to the relief of pain.” This standard of care is not specific to emergency room physicians
and staff. Neither the report nor the vitae shows that Dr. Downs treats patients in an emergency room
or supervises or interacts with nurses in emergency rooms. There is no indication that he has
practiced emergency medicine or that he has practiced as a registered nurse in an emergency room.
Thus, the report fails to show that Dr. Downs meets the statutory standards. Additionally, the report
only gives conclusions about the standard of care, breach, and causation and does not supply specific
conduct that would allow the trial court to establish the merits of the claim. Because the report fails
to meet the statutory requirements and has omitted requirements, it is not a good faith effort.
Therefore, we hold that the trial court did not abuse its discretion in rejecting the report and
dismissing the case.
B.        Grace Period
            In her second issue, Cox contends the trial court erred in denying an extension to amend the
expert report. Cox relies on former article 4590i., section 13.01(g) of the Texas Revised Civil
Statute: 
[I]f a claimant has failed to comply with a deadline established by Subsection (d) of
this section and after hearing the court finds that the failure of the claimant or the
claimant’s attorney was not intentional or the result of conscious indifference but was
the result of an accident or mistake, the court shall grant a grace period of 30 days to
permit the claimant to comply with that subsection.

 Act of May 26, 1989, 71st Leg., R.S., ch. 1027, § 27, 1989 Tex. Gen. Laws 4128, 4145 (former Tex.
Rev. Civ. Stat. art. 4590i, § 13.01(g)), repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204,
§ 10.09, 2003 Tex. Gen. Laws 847, 884. Cox argues that because her failure to comply with the
deadline was due to the misunderstanding of what the statute required for the expert’s report, her
failure should be considered an accident or mistake, thus warranting a thirty-day grace period.
            However, the belief that an expert’s report “complied with the statute – in light of the clear
statutory requirements to the contrary – does not establish a ‘sufficient excuse’ necessary to support
a finding that the party made a mistake of law.” Walker v. Gutierrez, 111 S.W.3d 56, 64-65 (Tex.
2003); see also Horizon/CMS Healthcare Corp., Inc. v. Fischer, 111 S.W.3d 67, 68 (Tex. 2003) (per
curiam). Because the belief that the report was correct is not a sufficient excuse, a grace period
cannot be granted. We affirm the judgment of the trial court.
Conclusion
            Because Cox’s expert report failed to establish Dr. Downs as an expert in emergency
medicine and because the standard of care enunciated in the report was not sufficient, Dr. Downs’s
expert report has not met the requirements of a good faith effort. Additionally, Cox has not shown
that the failure to comply with the report’s deadline was the result of accident or mistake. We,
therefore, affirm the judgment of the trial court
 
Karen Angelini, Justice