INLINER AMERICAS, INC. n/k/a First-liner Americas, Inc., Inliner USA, Inc., n/k/a Firstliner USA, Inc., and CAT Contracting, Inc., Appellants,

v.

MaCOMB FUNDING GROUP, L.L.C., Appellee.

No. 14–06–01084–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 16, 2007.

Rehearing Overruled Jan. 10, 2008.

Panel consists of Chief Justice HEDGES, Justice GUZMAN, and Senior Justice HUDSON.*

## MAJORITY OPINION

EVA M. GUZMAN, Justice.

This is an agreed interlocutory appeal of a summary judgment in a declaratory judgment action. Appellants contend the trial court erred in declaring that appellants validly assigned their legal malpractice claims to appellee. Specifically, appellants assert that the judgment contradicts established precedent and public policy. We conclude the appeal is untimely, and dismiss this case for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1997, appellee MaComb Funding Group, L.L.C. ("MaComb") loaned $1.5 million to appellants Inliner Americas, Inc. n/k/a Firstliner Americas, Inc., Inliner USA, Inc. n/k/a Firstliner USA, Inc., and CAT Contracting, Inc. (collectively, the "Debtors"). This debt was supported by a promissory note. The Debtors defaulted on the loan, and MaComb filed suit. The parties entered into an Agreed Interlocutory Judgment in January 2000 in which the Debtors "acknowledged joint and several liability and liability for all sums due and owing under the Note and all costs, attorneys' fees, interest, and expenses pertaining thereto...."

In June 2000, MaComb and the Debtors executed a "Possession, Management, and Assignment Agreement" ("Assignment Agreement") settling the January 2000 judgment. Under the Assignment Agreement, the Debtors assigned their assets to MaComb, but agreed to manage the assets for one year. The Debtors agreement to manage the assets continued unless Ma-

Timothy A. Hootman, Houston, for appellants.

Ramon G. Viada, III, Barry Abrams, Houston, Greg K. Winslett, Dallas, for appellee.

---

* Senior Justice J. Harvey Hudson sitting by

assignment.

Comb terminated that portion of the Assignment Agreement.

On March 18, 2003, the Debtors sued their attorneys for legal malpractice concerning a federal patent lawsuit. The Debtors subsequently added MaComb as a defendant and sought a declaratory judgment that MaComb did not acquire their legal malpractice claims as part of the Assignment Agreement. MaComb asserted a counterclaim asking the court to declare that the legal malpractice claims and any resulting proceeds were transferred by the Assignment Agreement.

MaComb and the Debtors filed cross-motions for summary judgment, and on May 17, 2006, the trial court granted summary judgment in MaComb's favor. Pursuant to a stipulation between the parties, the trial court awarded MaComb reasonable and necessary attorneys' fees in the amount of $40,372.30 on September 22, 2006.

On October 25, 2006, the parties filed an agreed motion for a written order permitting an appeal of these interlocutory orders, and on November 27, 2006, the trial court granted the motion and entered an order permitting this agreed interlocutory appeal. Appellants filed their notice of appeal on December 1, 2006.

On February 1, 2007, we issued an order informing the parties that we would dismiss the appeal unless a response demonstrating grounds for jurisdiction was filed by February 15, 2007. The parties timely responded, and we include their arguments among the issues presented on appeal.

## II. Issues Presented

The Debtors present five issues for review. In response to queries from the court, the Debtors' first two issues address whether we have jurisdiction to consider this interlocutory appeal and whether, in an agreed interlocutory appeal, the deadline to file a notice of appeal is determined by the date of the challenged order or the date on which the trial court entered an order permitting the agreed interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(d) (Vernon Supp.2006). In their next three issues, the Debtors challenge the judgment against them and in MaComb's favor, and argue that the documents on which MaComb relies to prove the assignment do not comply with governing law and that assignment of their legal malpractice claim is void or unenforceable. Because the jurisdictional issues are dispositive, we do not reach the merits of the appeal.

## III. Appellate Jurisdiction

### A. Absence of Jurisdiction

■ All parties contend that this court has jurisdiction to consider this appeal. Because we conclude the appeal is untimely, we hold this Court lacks jurisdiction to consider the merits of the appeal. *See* TEX.R.APP. P. 42.3(a).

This appeal is brought pursuant to section 51.014(d) of the Civil Practice and Remedies Code, which provides:

A district court, county court at law, or county court may issue a written order for interlocutory appeal in a civil action not otherwise appealable under this section if:

(1) the parties agree that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion;

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation; and

(3) the parties agree to the order.

TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(d). Section 51.014 previously included another subsection that effectively

limited the time available for the parties to obtain a written order for interlocutory appeal. Subsection (f) provided as follows: "If application is made to the court of appeals that has appellate jurisdiction over the action not later than the 10th day after the date an interlocutory order under Subsection (d) is entered, the appellate court may permit an appeal to be taken from that order." [1]

Although subsection (d) does not expressly limit the time for the trial court to issue a written order permitting an interlocutory appeal, subsection (f) required the appeal to be filed within ten days of the *interlocutory* order—i.e., the order being appealed. The application of this section produced contradictory results. *Compare Stolte v. County of Guadalupe*, 139 S.W.3d 406, 409–10 (Tex.App.-San Antonio 2004, no pet.) (implying a motion for extension of time and holding that a permissive interlocutory appeal was timely although it was filed nineteen days after the trial court's order allowing the appeal) *with In re D.B.*, 80 S.W.3d 698, 701–02 (Tex.App.-Dallas 2002, no pet.) (dismissing appeal filed twelve days after interlocutory order and holding that, unlike other interlocutory appeals, the ten-day deadline cannot be extended by fifteen days on proper motion). *See also Diamond Prods. Int'l, Inc. v. Handsel*, 142 S.W.3d 491, 495–96 (Tex. App.-Houston [14th Dist.] 2004, no pet.) (Frost, J., concurring) (discussing procedural uncertainties associated with a permissive interlocutory appeal); BILL ANALYSIS, S. 79–C.S.H.B. 1294, 1st Sess. (2005) ("Texas courts of appeals have shown con-fusion about the procedure for taking a permissive appeal under Section 51.014.").

The repeal of subsection 51.014(f) changed the permissive nature of the appeal and removed the separate deadline for instituting a permissive interlocutory appeal, leaving only subsection 51.014(d) to govern agreed interlocutory appeals. In the absence of a separate deadline, these appeals are subject to the twenty-day deadline governing accelerated appeals generally. *See* TEX.R.APP. P. 28.1 ("An appeal from an interlocutory order, when allowed, will be accelerated. Filing a motion for new trial will not extend the time to perfect the appeal."); TEX.R.APP. P. 26.1(b) ("[I]n an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed . . . .").[2]

Here, the order granting summary judgment was signed on May 17, 2006 and entered on May 18, 2006. An additional order signed on September 22, 2006 awarded attorneys' fees to MaComb. The parties filed an agreed motion for written order of interlocutory appeal on October 25, 2006, and the trial court signed the order on November 27, 2006. Appellants filed a notice of appeal on December 1, 2006. The parties contend this court has jurisdiction to consider the appeal because litigants must take an agreed interlocutory appeal within twenty days of the written order permitting the appeal, rather than within twenty days from the interlocutory order that is the subject of the appeal.

---

1. Act of May 17, 2001, 77th Leg., R.S., ch. 1389, § 1(f), 2001 Tex. Gen. Laws 3575, 3575, *repealed by* Act of May 25, 2005, 79th Leg., R.S., ch. 1051, § 2, 2005 Tex. Gen. Laws 3512, 3513, eff. June 18, 2005.

2. This timeline also accords with the analogous federal appellate rule. *See* FED. R.APP. P. 5(a)(2) (stating that, unless otherwise speci-fied by statute or rule, a petition for permissive appeal must be filed "within the time provided by Rule 4(a) for filing a notice of appeal"); FED. R.APP. P. 4(a) (stating that, with certain exceptions, a notice of appeal "must be filed with the district clerk within 30 days *after the judgment or order appealed from* is entered") (emphasis added).

We disagree. A trial court's written order permitting an interlocutory appeal is not itself an interlocutory order, and the parties have cited no authority enlarging the time to file an agreed interlocutory appeal beyond the time limits provided for other accelerated appeals.

Moreover, under the interpretation urged by the parties, litigants could extend the time available to "start the appellate clock" by postponing the filing of a motion for an order permitting the appeal. This interpretation is inconsistent with the accelerated nature of the appeal and with the plain language of the Rules of Appellate Procedure that set forth appellate deadlines. It is also inconsistent with the intent of the legislature as expressed in the words of the statute: significantly, the legislature permits an agreed interlocutory appeal if "an *immediate* appeal from the order may materially advance the ultimate termination of the litigation . . . ." Tex. Civ. Prac. & Rem.Code Ann. § 51.014(d)(2) (emphasis added). This appeal was not "immediate." [3] As succinctly stated by the Texas Supreme Court, "[I]n an accelerated appeal, absent a rule 26.3 motion [to extend the time to file the notice of appeal], the deadline for filing a notice of appeal is strictly set at twenty days *after the judgment is signed,* with no exceptions . . . ." *In re K.A.F.,* 160 S.W.3d 923, 927 (Tex. 2005) (emphasis added), *cert. denied,* 546 U.S. 961, 126 S.Ct. 483, 163 L.Ed.2d 364 (2005). Thus, we conclude this appeal is untimely. *See* Tex.R.App. P. 26.1(b).

## B. Request for Abatement

■ The Debtors ask that, if we conclude we lack jurisdiction over this appeal, we abate the appeal to allow a reasonable time for the Debtors to obtain a ruling from the trial court severing the declaratory judgment on the assignment of the legal malpractice claim and the trial court's award of attorneys' fees from the remaining issues. We do not agree that abatement is an appropriate remedy. First, an appeal following severance would be an appeal of a final order, and unlike the appeal presented, would no longer be an accelerated interlocutory appeal entitled to precedence over other similar cases. *See* Tex.R.App. P. 40.1(b). Moreover, the Debtors' lengthy delay in seeking an order for interlocutory appeal is not a mere formal defect or an irregularity in appellate procedure. *Cf.* Tex.R.App. P. 44.3 (allowing parties a reasonable time to correct or amend such defects or irregularities). It also is not an error attributable to the trial court. *Cf.* Tex.R.App. P. 44.4. Finally, having failed to bring an agreed interlocutory appeal in a timely fashion, the parties nevertheless are free to pursue a severance order and appeal the judgment as a final order.

## IV. CONCLUSION

Because this appeal is untimely, we conclude we lack jurisdiction. *See* Tex.R.App. P. 42.3(a). We therefore dismiss the appeal without reaching the merits of appellants' arguments concerning the interlocutory orders at issue.

Chief HEDGES, J., dissenting.

ADELE HEDGES, Chief Justice, dissenting.

I respectfully dissent from the majority's conclusion that appellants were obligated to file a notice of appeal from an

---

**3.** Our analysis is unaffected by cases that address the circumstances under which an order disposes of "all parties or issues in a particular phase of the proceedings." *De Ayala v. Mackie,* 193 S.W.3d 575, 579 (Tex. 2006) (holding that an order in an ancillary probate proceeding denying a plea to the jurisdiction and refusing to remove an executor is interlocutory).

interlocutory order before the order became appealable.

On May 17, 2006, the trial court signed an interlocutory order in a declaratory judgment action. On October 25, 2006, the parties filed an agreed motion requesting permission from the trial court to appeal the interlocutory order. On November 27, 2006, the trial court granted the motion and entered an order permitting the interlocutory appeal. Appellants filed notice of appeal on December 1, 2006. The majority concludes that appellants' notice of appeal was due twenty days after the May 17, 2006, order was signed. I disagree.

The rule at issue is deceptively simple: the notice of appeal in a permissive interlocutory appeal must be filed within twenty days after *the judgment or order is signed. See* TEX.R.APP. P. 26.1. The difficulty arises in parsing that to which *judgment or order signed* refers. The majority concludes that the appellate timetable runs from the date the interlocutory order itself is signed. Based on my interpretation of *judgment or order signed,* as the signed written permission of the trial court to pursue the permissive interlocutory appeal, I part ways with the majority.

Appeals can be taken only from final judgments and appealable interlocutory orders. *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001); TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp. 2006). In this case, the partial summary judgment was not appealable until the trial court granted permission to appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(d) ("A district court, county court at law, or county court may issue a written order for interlocutory appeal in a civil action *not otherwise appealable* ...."). Therefore, the appellate timetable could not begin to run from the signing of an order not yet appealable.

The majority holds that this interpretation is "inconsistent with the accelerated nature of the appeal and with the plain language of the Rules of Appellate Procedure that set forth appellate deadlines." However, the plain language of the Rule 26.1 requires that a notice of appeal be filed within twenty days after the judgment or order is signed. That language has consistently been applied to final judgments or other appealable orders. *In re K.A.F.,* 160 S.W.3d 923, 927 (Tex.2005).

I believe it instructive to analogize the appeal of a permissive interlocutory order to the context of a partial summary judgment. The partial summary judgment, as an interlocutory order, can be appealed only if it is made final by a severance order. In such a case, the appellate timetable begins from the date of the severance order. *Martinez v. Humble Sand & Gravel, Inc.,* 875 S.W.2d 311, 313 (Tex. 1994). Conversely, the appellate timetable does not begin to run from the date of the interlocutory order because the order was not appealable at the time it was entered. The same reasoning applies here. At the time the partial summary judgment was signed, it was interlocutory; therefore, it was not appealable. The parties chose to seek a permissive appeal rather than sever the partial summary judgment from the remaining action. To interpret Rule 26.1 to require a different appellate timetable because the parties chose a different route to the appellate court would be inconsistent not only with prior interpretations of the rule, but with the design of the appellate rules in general. The appellate rules are designed to resolve appeals on the merits, and we must interpret and apply them whenever possible to achieve that aim. *Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 784 (Tex.2005). I would hold that the appellate timetable in a permissive appeal under section 51.014(d) begins to run on the date the

trial court signs an order granting permission to appeal. Because the majority does not do so, I respectfully dissent.