02-09-319-CV
















 

 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00319-CV

 

 

SUSANA
 C. NICHOLS AND                                                              APPELLANTS

FOUR NICHOLS, INC.

 

V.

 

KENNETH
 L. NICHOLS, KYLE                                                            
 
 APPELLEES

NICHOLS, FOSSIL CREEK REALTY,

INC., AND QC CARWASH, INC.

 

------------

 

FROM THE 231ST
DISTRICT COURT OF TARRANT
COUNTY

 

------------

 

OPINION

 

------------

Introduction

Appellants
Susana C. Nichols and Four Nichols, Inc. appeal the trial court’s order
dismissing their suit against appellees, which had been originally filed in a
divorce suit, but which was later severed. 
In one issue, appellants argue that the trial court erred by dismissing
the severed lawsuit.  We reverse and
remand.

Background Facts

          This case began as a divorce between
Kyle Nichols and Susana Nichols. On August 9, 2004, Susana filed a Second
Amended Original Counter-Petition for Divorce which joined Kenneth L. Nichols
(“Kenneth”), Kyle’s father, and First State Bank of Keene, Texas (“the bank”) as
third party defendants.  Susana claimed Kenneth
and the bank had engaged in conspiracy, fraud, and breach of fiduciary duty
relating to a car wash business operated by Susana and Kyle.  Both Kenneth and the bank filed answers.  On August 23, 2004, Kenneth filed a motion to
dismiss and motion for sanctions.

On August 31, 2004, the divorce court[1]
sua sponte ordered that the third party claims relating to Kenneth and the bank
be “severed into a separate cause of action.” 
The divorce court did not render a written order granting the severance
at that time nor enter a final judgment in the divorce.

On December 15, 2004, the divorce court
signed a final divorce decree. Only Kyle, Susana, and James A. Stephenson, P.C.—which
had intervened over unpaid attorney’s fees—are named as parties in the decree.[2]  Kenneth and the bank are not listed as
parties, nor does the divorce decree dispose of the claims against them or
Kenneth’s motion to dismiss and for sanctions. 
In the “Division of Marital Estate” section of the divorce decree, the
divorce court awarded Susana the following relevant items:

11.  All
interest in and to the stock in the corporation known as Four Nichols, Inc., as
well as any claims or causes of action relating thereto.

 

12.  Any claims
or causes of action that were previously filed in this case and which were
severed from this cause.

 

13.  Any cause
of action with regard to the parties’ certificate of deposit in the approximate
sum of $100,000.00 which were taken in connection with the First State Bank of
Keene foreclosure.

 

          On January 13, 2005, Susana filed a
Motion to Reopen Case and for Nunc Pro Tunc, or in the Alternative, to Modify,
Correct or Reform Judgment in the divorce court.  In her motion, Susana argued that the decree
“omitted reference to the prior ruling of [the divorce court] which severed
certain claims and causes of action relating to the foreclosure by the First State
Bank of Keene, Texas.”

          On January 24, 2005, the divorce court
signed an order to sever the third party claims based upon its August 31, 2004
oral severance.  In the severance order,
the divorce court assigned a new cause number and style for the third party
claims.  The order states that the third
party claims “are hereby severed from this cause of action into a separate
cause of action.”

          Susana and Four Nichols, Inc. filed a
first amended petition in the severed suit against Kenneth, the bank, Kyle,
Fossil Creek Realty, Inc., and QC Carwash, Inc. 
All five filed answers to the amended petition and Kenneth, QC Carwash,
and Fossil Creek moved to dismiss the claims against them.  The trial court signed an agreed order of
partial dismissal with prejudice as to Susana and Four Nichols, Inc.’s claims
against the bank, based upon a settlement.

          The trial court then dismissed the
remaining parties because the divorce court did not sign the order of severance
until after the divorce had been
submitted.  The trial court stated that
even though the divorce court made an oral pronouncement that the case should
be severed, the trial court was “of the opinion that the granting of a
severance of the claims in this matter requires a written order and is
effective only when such an order is signed.”[3]  This appeal followed.

Discussion

          In one issue, appellants contend that
the trial court erred by dismissing the severed lawsuit because the trial court
had subject matter jurisdiction to hear the severed cause of action.  Conversely, appellees argue that the trial court
did not have jurisdiction over appellants’ claims and, alternatively, that
there was no cause of action that survived the divorce decree and that Susana
waived her claims by not having the divorce court rule on them.

          We review a trial court’s order of
dismissal for an abuse of discretion. Johnson-Snodgrass
v. KTAO, Inc., 75 S.W.3d 84, 87 (Tex. App.––Fort Worth 2002, pet. dism’d); see also MacGregor v. Rich, 941 S.W.2d
74, 75 (Tex. 1997). A trial court abuses its discretion when it acts
arbitrarily, unreasonably, or without reference to guiding rules and
principles. Johnson-Snodgrass, 75
S.W.3d at 87; see also Morrow v. H.E.B.,
Inc., 714 S.W.2d 297, 298 (Tex. 1986) (op. on reh’g).  However, whether a trial court had subject
matter jurisdiction is a question of law that we review de novo.  City of
Fort Worth v. Crockett, 142 S.W.3d 550, 552 (Tex. App.––Fort Worth 2004,
pet. denied); see also Tex. Natural Res.
Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002); Mogayzel v. Tex. Dep’t of Transp., 66
S.W.3d 459, 463 (Tex. App.­­––Fort Worth 2001, pet. denied).

Here,
the “Final Decree of Divorce” was interlocutory because it did not dispose of
all parties and issues.  See Lehmann v. Har-Con Corp., 39 S.W.3d 191,
192–93 (Tex. 2001); Rotella v. Nelson Architectural
Eng’rs, Inc., 251 S.W.3d 216, 218 (Tex. App.––Dallas 2008, no pet.); Allmond v. Loe, Warren, Rosenfield, Kaitcer,
Hibbs & Windsor, P.C., No. 02-07-00282-CV, 2008 WL 4601910, at *1 (Tex.
App.––Fort Worth Oct. 16, 2008, no pet.) (mem. op.).  Because the divorce decree did not dispose of
Susana’s claims against Kenneth and the bank—or Kenneth’s motion to dismiss and
for sanctions—and the divorce court had not yet signed a written severance
order, the divorce decree was not a final order, but rather an interlocutory
order.  See Lehmann, 39 S.W.3d at 192. 
Thus, the divorce court still had plenary power when it signed the
written order to sever the remaining causes of action.  See In
re Lancer Ins. Co., No. 04-07-00473-CV, 2007 WL 2780321, at *2 (Tex.
App.––San Antonio Sept. 26, 2007, no pet.) (holding trial court still had
plenary power when severance order did not operate as final order).  

Moreover,
even if the divorce decree was not interlocutory, we have found no Texas court
that requires that a written order of severance be signed before a case is
submitted to the trier of fact.  In fact,
many Texas courts have recognized that severance of an interlocutory judgment
into a separate action makes the interlocutory judgment final as long as all
parties and issues are disposed of.  See Diversified Fin. Sys., Inc. v. Hill,
Heard, O’Neal, Gilstrap & Goetz, P.C., 63 S.W.3d 795, 795 (Tex. 2001)
(holding severance of interlocutory judgment into a separate cause of action
makes interlocutory judgment final); Farmer
v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995) (holding that “[w]hen
a judgment is interlocutory because unadjudicated parties or claims remain
before the court, and when one moves to have such unadjudicated claims or
parties removed by severance, dismissal, or nonsuit, the appellate timetable
runs from the signing of a judgment or order disposing of those claims or
parties.”); Inliner Americas, Inc. v.
MaComb Funding Grp., L.L.C., 244 S.W.3d 427, 431 (Tex. App.––Houston [14th
Dist.] 2007, pet. dism’d) (holding that appeal following severance would be an
appeal of a final order); Thompson v.
Beyer, 91 S.W.3d 902, 904 (Tex. App.—Dallas 2002, no pet.) (stating that,
as a general rule, severance of an interlocutory judgment into a separate
action makes it final if all claims in the severed action have been disposed of).

In
the order of dismissal, the trial court cites Rule 41 and emphasizes that a
severance must be by “order of the court.”  Tex. R. Civ. P. 41 (emphasis added).  The trial court’s order also states, in
relevant part,

The court is of the opinion that the granting of a
severance of the claims in this matter requires a written order and is
effective only when such order is signed. 
Although the intent to sever the issues in this litigation from the
divorce is clear, the oral pronouncement of the court, with or without a docket
entry, was insufficient to affect the desired severance.

 

The order
further cites In re Lovito-Nelson,
278 S.W.3d 773 (Tex. 2009), to support its ruling.  In re
Lovito-Nelson involves Rule 329b(c) of the Texas Rules of Civil Procedure.  See 278
S.W.3d at 774.  In that case, after the
trial court signed a “Final Order in Suit Affecting the Parent-Child Relationship,”
the mother and father/stepfather filed a timely motion for new trial.  Id.
 The trial court then held a hearing on
the motion for new trial and on the docket sheet wrote, “New trial
granted.  DHL.”  Id.  The trial court and all parties signed a
“Pre-trial Scheduling Order.”  Id. 
However, the trial court never signed a written order granting the new
trial.  Id.  Lovito-Nelson then sent
the trial court a letter stating that the judgment was final and that the
Pre-Trial Scheduling Order was moot because the court never signed a written
order and more than 105 days had passed since the Final Order had been
signed.  Id.  The trial court subsequently
signed an order stating that the pretrial scheduling order “remain[ed] in full
effect,” and the court of appeals denied Lovito-Nelson’s petition for writ of
mandamus.  Id. at 775.  Lovito-Nelson
then filed a petition for mandamus relief in the Texas Supreme Court.  Id.  

          The Texas Supreme Court, in reversing
the trial court and the court of appeals, stated that an order granting a
motion for new trial must be in writing and signed by the trial court.  Id.  The Court noted that Rule 329b requires a
written order before a motion for new trial is actually granted.  Id.  The Court stated that an oral
pronouncement and docket entry could not substitute for the written order.  Id.  The Court held that this is a “bright-line
rule”; there must be a “signed, written order explicitly granting the
motion.”  Id. at 775­–76.  

          We do not agree with the trial judge’s
reliance on In re Lovito-Nelson to
justify the order of dismissal.  In re Lovito-Nelson dealt with a motion
for new trial, whereas here, the issue is an order of severance.  In contrast to Rule 329b, Rule 41 has no such
requirement that a severance be determined “by written order.”  Tex. R. Civ.
P. 41, 329b (emphasis added). 
Furthermore, unlike Rule 329b, which requires a motion for new trial to
be granted in writing before the relevant time period expires, nothing in Rule
41 requires a severance order to be in writing and signed before the remaining
case is submitted to the trier of fact.  

The
trial court clearly believed that because the divorce had been tried, Rule 41’s
requirement to order a severance “before the time of submission” to the trier
of fact applied.  Tex. R. Civ. P.
41.  However, courts have held that
submission of the remaining cause to the trier of fact does not prevent a
severance because a properly severable cause of action, if not tried, may still
be tried separately.  See Tex. R. Civ. P. 174; Christopher Columbus St. Mkt. LLC v. Zoning
Bd. of Adjustments of City of Galveston, 302 S.W.3d 408, 414–15 (Tex.
App.—Houston [14th Dist.] 2009, no pet.); see
generally In re Union Carbide Corp., 273 S.W.3d 152, 155 (Tex. 2008).  There is no justification for treating a
properly severable cause of action differently. 
Compare Christopher Columbus St.
Mkt. LLC, 302 S.W.3d at 414–15, with Collins
v. Tex Mall, L.P., 297 S.W.3d 409, 419 (Tex. App.—Fort Worth 2009, no
pet.).  Moreover, the controlling reason
for severance is to do justice, avoid prejudice, and promote convenience, not
to prevent the trial of potentially viable claims.  See Tex.
R. Civ. P. 41.

Here,
the divorce court made an oral ruling and docket notation on the severance
before the divorce was tried. 
Additionally, the divorce court did not hear any of the severed claims
against Kenneth and the bank during the divorce proceeding, and neither
Kenneth, the bank, nor their attorneys appeared before the divorce court after
the oral severance.  Further, the divorce
decree did not list Kenneth or the bank as parties and did not dispose of Susana’s
issues against them.  Thus, unlike the
situation in a motion for new trial after a disposition of all claims, Susana’s
severed claims have not been previously addressed by a court.  

          Thus, because Susana’s claims against
Kenneth, Kyle, Fossil Creek, and QC Carwash were properly severed before the
trial court lost plenary power, we hold that the trial court erred by
dismissing Susana and Four Nichols’s causes of action.  We sustain appellants’ sole issue.

 

Conclusion

          Having sustained appellants’ sole
issue, we reverse the trial court’s judgment and remand the case for further
proceedings.  

 

 

                                                                             
 
 
 
 
 
 
 
 TERRIE LIVINGSTON

                                                                             
 
 
 CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

 

GARDNER,
J. filed a concurring opinion.

 

DELIVERED:  December 30, 2010










 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO.  02-09-00319-CV

 

 


 
 
 Susana C. Nichols and Four Nichols
 Inc.
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Kenneth
 L. Nichols, KYLE NICHOLS, Fossil Creek Realty, Inc., and QC Carwash, Inc.
 
 
  
 
 
 APPELLEES 
 
 


 

 

------------

 

FROM THE
231st District Court OF Tarrant
COUNTY

------------

CONCURRING
OPINION

----------

I
differ with the majority=s characterization of the
final decree of divorce as  an
interlocutory judgment.  I believe it was
a judgment rendered after a conventional trial on the merits and was thus
subject to the presumption that it disposed of all claims and parties and is
final.  As stated in Lehmann v. Harcon
Corp.,

When a judgment, not
intrinsically interlocutory in character, is rendered and entered in a case
regularly set for a conventional trial on the merits, no order for a separate
trial of issues having been entered, . . . it will be presumed for appeal
purposes that the court intended to and did dispose of all parties legally
before it and all issues made by the pleadings between such parties.

 

39
S.W.3d 191, 198 (Tex. 2001) (quoting N.E. Indep. Sch. Dist. v. Aldridge,
400 S.W.2d 893, 897B98 (Tex. 1966) (enunciating
the test for determining when, in most instances, judgments in which parties
and issues made by the pleadings are not disposed of in express language but
are nevertheless final for appeal purposes)).[4]

          As the trial court here noted in its
order, a severance order is not effective until signed.  McRoberts v. Ryals, 863 S.W.2d 450,
452B54
(Tex. 1993).  But I agree with the
majority that nothing in Rule 41 requires a written severance order to be
signed before the remaining case is submitted to the trier of fact.  Absent a written order before the final
divorce judgment was signed, however, and had the judgment here not been
challenged by a timely motion to reopen or to modify, I believe the presumption
of finality would apply and the trial court=s
dismissal would have been correct.  See
Aldridge, 400 S.W.2d at 896B97.[5]

Appellants
timely filed their motion to reopen and to modify the final divorce decree, and
the record established that the parties and the court had intended to sever the
third party claims before judgment.[6]  Because the divorce court was acting within
its extended plenary power, it was not precluded from signing a written order
of severance within that period after the final judgment was signed.  And because the divorce court did so, I agree
with the majority that the trial court erred in dismissing the severed
claims.  Therefore, I concur in the
result.

 

ANNE GARDNER 
JUSTICE

 

DELIVERED:  December 30, 2010

 











[1]Another judge was
assigned to hear the divorce because of the sitting judge’s recusal.  Because there are two courts involved in this
case, we will refer to the court that heard the divorce proceedings as the
“divorce court” and the court that heard the third party claims as the “trial
court.” 






[2]James
A. Stephenson, P.C. had previously represented Susana in the divorce
proceedings.





[3]We
note, however, that the divorce decree specifically acknowledges that the
related third party claims had been previously severed and were awarded to
Susana in the divorce decree.





[4]Although the issue of
whether the previous judgment disposed of the claims against Kenneth and the
bank, and should therefore be dismissed, appears to be one of res judicata
effect rather than finality for purposes of appeal, the principles for
determining finality are the same.  See
Mower v. Boyer,  811 S.W.2d 560, 562B63 (Tex. 1991)
(holding an interlocutory judgment was not final and was non-appealable and
therefore was not entitled to res judicata effect); Restatement (Second)
of Judgments ' 13 (1982).

 





[5]A judgment rendered
after a conventional trial on the merits need not dispose of every party and
issue in order for the Aldridge presumption of finality to apply.  Vaughn v. Drennon, 324 S.W.3d 560, 560
(Tex. 2010). 

 





[6]The presumption of
finality is subject to the qualification, as stated in Lehmann, that any
doubt Aas to the judgment=s finality . . . >must be resolved by a
determination of the intention of the court as gathered from the language of
the decree and the record as a whole, aided on occasion by the conduct of the
parties.=@  Vaughn, 324 S.W.3d at 560 (quoting Lehmann, 39 S.W.3d at
203). Here, the record, including the conduct of the parties, establishes not
that the judgment was intended to be interlocutory but that the court and the
parties intended to sever the claims against Kenneth and the bank.