

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-09-00319-CV

SUSANA C. NICHOLS AND FOUR NICHOLS, INC.            APPELLANTS

V.

KENNETH L. NICHOLS, KYLE NICHOLS, FOSSIL CREEK REALTY, INC., AND QC CARWASH, INC.            APPELLEES

------------

## FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY

------------

## OPINION

------------

### Introduction

Appellants Susana C. Nichols and Four Nichols, Inc. appeal the trial court's order dismissing their suit against appellees, which had been originally filed in a divorce suit, but which was later severed. In one issue, appellants argue that the trial court erred by dismissing the severed lawsuit. We reverse and remand.

## Background Facts

This case began as a divorce between Kyle Nichols and Susana Nichols. On August 9, 2004, Susana filed a Second Amended Original Counter-Petition for Divorce which joined Kenneth L. Nichols ("Kenneth"), Kyle's father, and First State Bank of Keene, Texas ("the bank") as third party defendants. Susana claimed Kenneth and the bank had engaged in conspiracy, fraud, and breach of fiduciary duty relating to a car wash business operated by Susana and Kyle. Both Kenneth and the bank filed answers. On August 23, 2004, Kenneth filed a motion to dismiss and motion for sanctions.

On August 31, 2004, the divorce court[1] sua sponte ordered that the third party claims relating to Kenneth and the bank be "severed into a separate cause of action." The divorce court did not render a written order granting the severance at that time nor enter a final judgment in the divorce.

On December 15, 2004, the divorce court signed a final divorce decree. Only Kyle, Susana, and James A. Stephenson, P.C.—which had intervened over unpaid attorney's fees—are named as parties in the decree.[2] Kenneth and the bank are not listed as parties, nor does the divorce decree dispose of the claims

---

[1]Another judge was assigned to hear the divorce because of the sitting judge's recusal. Because there are two courts involved in this case, we will refer to the court that heard the divorce proceedings as the "divorce court" and the court that heard the third party claims as the "trial court."

[2]James A. Stephenson, P.C. had previously represented Susana in the divorce proceedings.

2

against them or Kenneth's motion to dismiss and for sanctions. In the "Division of Marital Estate" section of the divorce decree, the divorce court awarded Susana the following relevant items:

> 11. All interest in and to the stock in the corporation known as Four Nichols, Inc., as well as any claims or causes of action relating thereto.

> 12. Any claims or causes of action that were previously filed in this case and which were severed from this cause.

> 13. Any cause of action with regard to the parties' certificate of deposit in the approximate sum of $100,000.00 which were taken in connection with the First State Bank of Keene foreclosure.

On January 13, 2005, Susana filed a Motion to Reopen Case and for Nunc Pro Tunc, or in the Alternative, to Modify, Correct or Reform Judgment in the divorce court. In her motion, Susana argued that the decree "omitted reference to the prior ruling of [the divorce court] which severed certain claims and causes of action relating to the foreclosure by the First State Bank of Keene, Texas."

On January 24, 2005, the divorce court signed an order to sever the third party claims based upon its August 31, 2004 oral severance. In the severance order, the divorce court assigned a new cause number and style for the third party claims. The order states that the third party claims "are hereby severed from this cause of action into a separate cause of action."

Susana and Four Nichols, Inc. filed a first amended petition in the severed suit against Kenneth, the bank, Kyle, Fossil Creek Realty, Inc., and QC Carwash, Inc. All five filed answers to the amended petition and Kenneth, QC Carwash,

3

and Fossil Creek moved to dismiss the claims against them. The trial court signed an agreed order of partial dismissal with prejudice as to Susana and Four Nichols, Inc.'s claims against the bank, based upon a settlement.

The trial court then dismissed the remaining parties because the divorce court did not sign the order of severance until *after* the divorce had been submitted. The trial court stated that even though the divorce court made an oral pronouncement that the case should be severed, the trial court was "of the opinion that the granting of a severance of the claims in this matter requires a written order and is effective only when such an order is signed."[3] This appeal followed.

## Discussion

In one issue, appellants contend that the trial court erred by dismissing the severed lawsuit because the trial court had subject matter jurisdiction to hear the severed cause of action. Conversely, appellees argue that the trial court did not have jurisdiction over appellants' claims and, alternatively, that there was no cause of action that survived the divorce decree and that Susana waived her claims by not having the divorce court rule on them.

We review a trial court's order of dismissal for an abuse of discretion. *Johnson-Snodgrass v. KTAO, Inc.*, 75 S.W.3d 84, 87 (Tex. App.—Fort Worth

---

[3]We note, however, that the divorce decree specifically acknowledges that the related third party claims had been previously severed and were awarded to Susana in the divorce decree.

2002, pet. dism'd); *see also MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to guiding rules and principles. *Johnson-Snodgrass,* 75 S.W.3d at 87; *see also Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex. 1986) (op. on reh'g). However, whether a trial court had subject matter jurisdiction is a question of law that we review de novo. *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied); *see also Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *Mogayzel v. Tex. Dep't of Transp.*, 66 S.W.3d 459, 463 (Tex. App.—Fort Worth 2001, pet. denied).

Here, the "Final Decree of Divorce" was interlocutory because it did not dispose of all parties and issues. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001); *Rotella v. Nelson Architectural Eng'rs, Inc.*, 251 S.W.3d 216, 218 (Tex. App.—Dallas 2008, no pet.); *Allmond v. Loe, Warren, Rosenfield, Kaitcer, Hibbs & Windsor, P.C.*, No. 02-07-00282-CV, 2008 WL 4601910, at *1 (Tex. App.—Fort Worth Oct. 16, 2008, no pet.) (mem. op.). Because the divorce decree did not dispose of Susana's claims against Kenneth and the bank—or Kenneth's motion to dismiss and for sanctions—and the divorce court had not yet signed a written severance order, the divorce decree was not a final order, but rather an interlocutory order. *See Lehmann*, 39 S.W.3d at 192. Thus, the divorce court still had plenary power when it signed the written order to sever the remaining causes of action. *See In re Lancer Ins. Co.*, No. 04-07-00473-CV,

5

2007 WL 2780321, at *2 (Tex. App.—San Antonio Sept. 26, 2007, no pet.) (holding trial court still had plenary power when severance order did not operate as final order).

Moreover, even if the divorce decree was not interlocutory, we have found no Texas court that requires that a written order of severance be signed before a case is submitted to the trier of fact. In fact, many Texas courts have recognized that severance of an interlocutory judgment into a separate action makes the interlocutory judgment final as long as all parties and issues are disposed of. *See Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.,* 63 S.W.3d 795, 795 (Tex. 2001) (holding severance of interlocutory judgment into a separate cause of action makes interlocutory judgment final); *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (holding that "[w]hen a judgment is interlocutory because unadjudicated parties or claims remain before the court, and when one moves to have such unadjudicated claims or parties removed by severance, dismissal, or nonsuit, the appellate timetable runs from the signing of a judgment or order disposing of those claims or parties."); *Inliner Americas, Inc. v. MaComb Funding Grp., L.L.C.*, 244 S.W.3d 427, 431 (Tex. App.—Houston [14th Dist.] 2007, pet. dism'd) (holding that appeal following severance would be an appeal of a final order); *Thompson v. Beyer*, 91 S.W.3d 902, 904 (Tex. App.— Dallas 2002, no pet.) (stating that, as a general rule, severance of an interlocutory judgment into a separate action makes it final if all claims in the severed action have been disposed of).

6

In the order of dismissal, the trial court cites Rule 41 and emphasizes that a severance must be by "*order* of the court." Tex. R. Civ. P. 41 (emphasis added). The trial court's order also states, in relevant part,

> The court is of the opinion that the granting of a severance of the claims in this matter requires a written order and is effective only when such order is signed. Although the intent to sever the issues in this litigation from the divorce is clear, the oral pronouncement of the court, with or without a docket entry, was insufficient to affect the desired severance.

The order further cites *In re Lovito-Nelson*, 278 S.W.3d 773 (Tex. 2009), to support its ruling. *In re Lovito-Nelson* involves Rule 329b(c) of the Texas Rules of Civil Procedure. *See* 278 S.W.3d at 774. In that case, after the trial court signed a "Final Order in Suit Affecting the Parent-Child Relationship," the mother and father/stepfather filed a timely motion for new trial. *Id.* The trial court then held a hearing on the motion for new trial and on the docket sheet wrote, "New trial granted. DHL." *Id.* The trial court and all parties signed a "Pre-trial Scheduling Order." *Id.* However, the trial court never signed a written order granting the new trial. *Id.* Lovito-Nelson then sent the trial court a letter stating that the judgment was final and that the Pre-Trial Scheduling Order was moot because the court never signed a written order and more than 105 days had passed since the Final Order had been signed. *Id.* The trial court subsequently signed an order stating that the pretrial scheduling order "remain[ed] in full effect," and the court of appeals denied Lovito-Nelson's petition for writ of

7

mandamus. *Id.* at 775. Lovito-Nelson then filed a petition for mandamus relief in the Texas Supreme Court. *Id.*

The Texas Supreme Court, in reversing the trial court and the court of appeals, stated that an order granting a motion for new trial must be in writing and signed by the trial court. *Id.* The Court noted that Rule 329b requires a written order before a motion for new trial is actually granted. *Id.* The Court stated that an oral pronouncement and docket entry could not substitute for the written order. *Id.* The Court held that this is a "bright-line rule"; there must be a "signed, written order explicitly granting the motion." *Id.* at 775–76.

We do not agree with the trial judge's reliance on *In re Lovito-Nelson* to justify the order of dismissal. *In re Lovito-Nelson* dealt with a motion for new trial, whereas here, the issue is an order of severance. In contrast to Rule 329b, Rule 41 has no such requirement that a severance be determined "by *written* order." Tex. R. Civ. P. 41, 329b (emphasis added). Furthermore, unlike Rule 329b, which requires a motion for new trial to be granted in writing before the relevant time period expires, nothing in Rule 41 requires a severance order to be in writing and signed before the remaining case is submitted to the trier of fact.

The trial court clearly believed that because the divorce had been tried, Rule 41's requirement to order a severance "before the time of submission" to the trier of fact applied. Tex. R. Civ. P. 41. However, courts have held that submission of the remaining cause to the trier of fact does not prevent a severance because a properly severable cause of action, if not tried, may still be

8

tried separately. *See* Tex. R. Civ. P. 174; *Christopher Columbus St. Mkt. LLC v. Zoning Bd. of Adjustments of City of Galveston*, 302 S.W.3d 408, 414–15 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *see generally In re Union Carbide Corp.*, 273 S.W.3d 152, 155 (Tex. 2008). There is no justification for treating a properly severable cause of action differently. *Compare Christopher Columbus St. Mkt. LLC*, 302 S.W.3d at 414–15, with *Collins v. Tex Mall, L.P.*, 297 S.W.3d 409, 419 (Tex. App.—Fort Worth 2009, no pet.). Moreover, the controlling reason for severance is to do justice, avoid prejudice, and promote convenience, not to prevent the trial of potentially viable claims. *See* Tex. R. Civ. P. 41.

Here, the divorce court made an oral ruling and docket notation on the severance before the divorce was tried. Additionally, the divorce court did not hear any of the severed claims against Kenneth and the bank during the divorce proceeding, and neither Kenneth, the bank, nor their attorneys appeared before the divorce court after the oral severance. Further, the divorce decree did not list Kenneth or the bank as parties and did not dispose of Susana's issues against them. Thus, unlike the situation in a motion for new trial after a disposition of all claims, Susana's severed claims have not been previously addressed by a court.

Thus, because Susana's claims against Kenneth, Kyle, Fossil Creek, and QC Carwash were properly severed before the trial court lost plenary power, we hold that the trial court erred by dismissing Susana and Four Nichols's causes of action. We sustain appellants' sole issue.

9

## Conclusion

Having sustained appellants' sole issue, we reverse the trial court's judgment and remand the case for further proceedings.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

GARDNER, J. filed a concurring opinion.

DELIVERED:  December 30, 2010

10



SUSANA C. NICHOLS AND FOUR                     APPELLANTS
NICHOLS INC.

V.

KENNETH L. NICHOLS, KYLE NICHOLS,             APPELLEES
FOSSIL CREEK REALTY, INC., AND QC
CARWASH, INC.

------------

FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY

------------

## CONCURRING OPINION

----------

I differ with the majority's characterization of the final decree of divorce as an interlocutory judgment. I believe it was a judgment rendered after a conventional trial on the merits and was thus subject to the presumption that it disposed of all claims and parties and is final. As stated in *Lehmann v. Harcon Corp.*,

When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered, . . . it will be presumed for appeal purposes that the court intended to and did dispose of all parties legally before it and all issues made by the pleadings between such parties.

39 S.W.3d 191, 198 (Tex. 2001) (quoting *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966) (enunciating the test for determining when, in most instances, judgments in which parties and issues made by the pleadings are not disposed of in express language but are nevertheless final for appeal purposes)).[1]

As the trial court here noted in its order, a severance order is not effective until signed. *McRoberts v. Ryals*, 863 S.W.2d 450, 452–54 (Tex. 1993). But I agree with the majority that nothing in Rule 41 requires a written severance order to be signed before the remaining case is submitted to the trier of fact. Absent a written order before the final divorce judgment was signed, however, and had the judgment here not been challenged by a timely motion to reopen or to modify, I

---

[1]Although the issue of whether the previous judgment disposed of the claims against Kenneth and the bank, and should therefore be dismissed, appears to be one of res judicata effect rather than finality for purposes of appeal, the principles for determining finality are the same. *See Mower v. Boyer,* 811 S.W.2d 560, 562–63 (Tex. 1991) (holding an interlocutory judgment was not final and was non-appealable and therefore was not entitled to res judicata effect); Restatement (Second) of Judgments § 13 (1982).

2

believe the presumption of finality would apply and the trial court's dismissal would have been correct. *See Aldridge*, 400 S.W.2d at 896–97.[2]

Appellants timely filed their motion to reopen and to modify the final divorce decree, and the record established that the parties and the court had intended to sever the third party claims before judgment.[3] Because the divorce court was acting within its extended plenary power, it was not precluded from signing a written order of severance within that period after the final judgment was signed. And because the divorce court did so, I agree with the majority that the trial court erred in dismissing the severed claims. Therefore, I concur in the result.

ANNE GARDNER
JUSTICE

DELIVERED: December 30, 2010

---

[2]A judgment rendered after a conventional trial on the merits need not dispose of every party and issue in order for the *Aldridge* presumption of finality to apply. *Vaughn v. Drennon*, 324 S.W.3d 560, 560 (Tex. 2010).

[3]The presumption of finality is subject to the qualification, as stated in *Lehmann,* that any doubt "as to the judgment's finality . . . 'must be resolved by a determination of the intention of the court as gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties.'" *Vaughn*, 324 S.W.3d at 560 (quoting *Lehmann*, 39 S.W.3d at 203). Here, the record, including the conduct of the parties, establishes not that the judgment was intended to be interlocutory but that the court and the parties intended to sever the claims against Kenneth and the bank.

3