

NUMBER
13-10-00451-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

STEVE SCHWERIN,                                              **Appellant,**

**v.**

NUECES COUNTY JUVENILE BOARD,
NUECES COUNTY, TEXAS AND MICHAEL L.
LINDSAY D/B/A NESTOR CONSULTANTS, INC.,          **Appellees.**

### On appeal from the 214th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Perkes
### Memorandum Opinion by Justice Garza

Appellant, Steve Schwerin, appeals an order granting appellee Nueces County, Texas's plea to the jurisdiction. Specifically, appellant complains of: (1) the failure of the Presiding Judge of the Fifth Administrative Region to properly respond to his motion

for disqualification; (2) inadequate notice of a hearing on a plea to the jurisdiction decided in favor of appellee; and (3) the failure of the Presiding Judge of the Fifth Administrative Region and the assigned trial judge to properly respond to his motions for disqualification and recusal. Because we conclude that the appeal is untimely, we do not reach these issues and dismiss this case for lack of jurisdiction.

## I. BACKGROUND

This appeal arises from a lawsuit that appellant filed against Nueces County, the Nueces County Juvenile Board (collectively "Nueces County" or "the County"), and Michael L. Lindsey d/b/a Nestor Consultants, Inc. ("Lindsey") for claims related to appellant's termination as the Chief Juvenile Probation Officer of Nueces County in 2006.[1] On August 25, 2009, as Presiding Judge of the Fifth Administrative Judicial Region, Judge Manuel Bañales assigned Judge Jose Luis Garza to hear the case. Nueces County filed a plea to the jurisdiction maintaining that it was immune from suit against all of appellant's claims. On May 26, 2010, the day before the hearing on the County's plea, appellant filed a "Motion to Disqualify and Declare all Orders in this Matter by Judge J. Manuel Bañales Void." In the motion, appellant requested that Judge Bañales either disqualify himself or request that the Chief Justice of the Texas Supreme Court assign another judge to the case. By written order signed on May 27, 2010, the trial court sustained the County's plea and dismissed appellant's claims against the County.[2]

---

[1] Appellant filed two lawsuits, which were later consolidated, based on the same allegations. A suit against the Nueces County Juvenile Board is a suit against Nueces County. *See Flores v. Cameron County*, 92 F.3d 258, 269 (5th Cir. 1996) (concluding that a county juvenile board is a county agency).

[2] We note that the order states that "[t]his is a final order disposing of all claims against Defendant Nueces County and the Nueces County Juvenile Board." The order did not, however, sever, dismiss, or otherwise dispose of appellant's claims against Lindsey. A decree that fails, either expressly or by

On June 25, 2010, appellant filed a "Motion for New Trial, Motion to Disqualify and Declare All Orders in the Matter by Judge J. Manuel Bañales Void, Motion to Recuse Judge J. Manuel Bañales and Jose Luis Garza, and Motion to Conduct Evidentiary Hearing." Also on June 25, 2010, appellant filed a "Motion to Sever" the May 27, 2010 order from his claims against Lindsey, stating that he sought the severance to permit an appeal of the May 27, 2010 order. The trial court did not rule on either motion.[3] On August 11, 2010, appellant filed his notice of appeal, which stated that he was appealing the trial court's May 27, 2010 order granting the County's plea to the jurisdiction.

On September 27, 2010, the County filed a motion to dismiss, asserting that this Court lacks jurisdiction to consider the appeal because it was not timely filed. On December 3, 2010, appellant filed a response. In his response, appellant argued that "[t]he order challenged in this interlocutory appeal may be void" and requested this Court to "abate this appeal and order the trial court to determine [appellant's] Motion to

_____

necessary implication, to dispose of all affirmative claims of all parties against all parties is interlocutory in nature. *See Cantu Servs., Inc. v. United Freedom Assocs., Inc.*, 329 S.W.3d 58, 64 (Tex. App.—El Paso 2010, no pet.) ("After the trial court granted UFA's plea to the jurisdiction, it did not sever, dismiss, or non-suit any of Cantu's claims against DARS. Thus, we must conclude that the trial court's order granting UFA's plea to the jurisdiction did not dispose of all parties. Because the trial court's order failed to dispose of all parties and all causes of action, it is interlocutory."). Here, the order granting the County's plea to the jurisdiction did not dispose of all parties and was therefore interlocutory. *See id.* Interlocutory appeals of orders on pleas to the jurisdiction are permitted, s*ee* Tex. Civ. Prac. & Rem. Code Ann. 51.014(a)(8) (West 2008), but must be appealed within twenty days of the trial court's order. *See* Tex. R. App. P. 26.1(b). We note that appellant is free to obtain a severance order and appeal the judgment as a final order. *See Inliner Ams., Inc. v. Macomb Funding Group, LLC*, 244 S.W.3d 427, 431 (Tex. App.— Houston [14th Dist.] 2007, pet. dism'd) ("Finally, having failed to bring an agreed interlocutory appeal in a timely fashion, the parties nevertheless are free to pursue a severance and appeal the judgment as a final order.").

[3] The record does not show that appellant requested a hearing on his motion to sever or his combined motion for new trial/motion to disqualify/motion to recuse, nor does the record show that the trial court ever ruled on these motions.

3

Disqualify . . . ."[4]  On January 28, 2011, this Court denied the County's motion to dismiss.

On February 24, 2011, the County filed a motion to reconsider the denial of its motion to dismiss, reasserting its argument that this Court lacks jurisdiction because the appeal was not timely filed.  On April 29, 2011, we denied the County's motion to reconsider.  After reviewing the entire record before us, we now withdraw our January 28, 2011 and April 29, 2011 rulings on the County's motions.

## II.   ANALYSIS

Section 51.014(a)(8) of the civil practice and remedies code permits an interlocutory appeal from an order that grants or denies a plea to the jurisdiction by a governmental unit.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2008).  Appeals from interlocutory orders, when allowed by statute, are accelerated appeals.  TEX. R. APP. P. 28.1.  In order to perfect an accelerated appeal of an interlocutory order, the party is required to file a notice of appeal "within 20 days after the judgment or order is signed."  *Id.* at R. 26.1(b).  The filing of a motion for new trial, request for findings of fact and conclusions of law, or any other post-judgment motion, except for a motion for extension of time filed under Texas Rule of Appellate Procedure 26.3, "will not extend the time to perfect an accelerated appeal."  *Id.* at R. 26.3, 28.1(b).

The trial court's order was signed on May 27, 2010.  Under the civil practice and remedies code, the order was subject to an accelerated interlocutory appeal.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).  Accordingly, appellant was required to file his notice of accelerated appeal—which would include his complaint that the trial court's

---

[4] Appellant argued that the May 27, 2010 order is "void" because as a member of the Nueces County Juvenile Board, Judge Banales was "constitutionally disqualified" and had "no authority" to assign a trial judge to hear the case.

4

order is "void"—within twenty days of the trial court's May 27, 2010 order. The record does not reflect that appellant filed a motion for extension of time under Texas Rule of Appellate Procedure 26.3. *See* TEX. R. APP. P. 26.3; *see also Houser v. McElveen*, 243 S.W.3d 646, 646–47 (Tex. 2008) (stating that a notice of appeal should be considered timely if filed within fifteen days after the filing deadline and accompanied by a motion for extension of time with a reasonable explanation for the delay). In addition, appellant's motion for new trial does not extend the time to file the notice of appeal in an accelerated interlocutory appeal. *See* TEX. R. APP. P. 28.1(b); *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005) ("[I]n an accelerated appeal, absent a rule 26.3 motion, the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions, and filing a rule 26.1(a) motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law will not extend that deadline.").

We are to construe the rules of appellate procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *See In re R.D., 304 S.W.3d* 368, 370 (Tex. 2010) (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997)). Nevertheless, we are prohibited from enlarging the scope of our jurisdiction by enlarging the time for perfecting an appeal in a civil case in a manner not provided for by rule. *See* TEX. R. APP. P. 2; *In re T.W.*, 89 S.W.3d 641, 642 (Tex. App.—Amarillo 2002, no pet.) (op. on reh'g).

### III.    CONCLUSION

Because this appeal is untimely, we conclude that we lack jurisdiction. *See In re*

5

*K.A.F.*, 160 S.W.3d at 928.  Accordingly, we withdraw our earlier denial of the County's September 27, 2010 motion to dismiss appellant's appeal, we withdraw our earlier denial of the County's February 24, 2011, motion to reconsider the denial of the motion to dismiss, GRANT the County's motion to dismiss, and DISMISS the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a).  All other pending motions are dismissed as moot.


        DORI CONTRERAS GARZA
        Justice


Delivered and filed the
31st day of May, 2012.