ACCEPTED
01-15-00473-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/29/2015 11:41:28 AM
CHRISTOPHER PRINE
CLERK

## NO. 01-15-00473-CV

─────────────────────────────

**IN THE COURT OF APPEALS**
**FOR THE FIRST DISTRICT OF TEXAS**
**AT HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/29/2015 11:41:28 AM
CHRISTOPHER A. PRINE
Clerk

─────────────────────────────

**MICHELLE HEINRICH, MANDY SO and NAIM EL-ASWAD,**
**M.D., Individually and Derivatively as Members of**
**Victory's Bioethical Anatomics, LLC and Victory's**
**Advanced Centers for Surgical Education, LLC,**

**Appellants/Plaintiffs,**

**V.**

**STRASBURGER & PRICE, L.L.P., STUART FARRELL**
**MILLER, and JANA H. WOELFEL,**

**Appellees/Defendants.**

─────────────────────────────

**On Interlocutory Appeal From the 164th Judicial District Court**
**of Harris County, Texas, Cause No. 2013-74218**

─────────────────────────────

**APPELLANTS'/PLAINTIFFS' REPLY IN**
**SUPPORT OF JURISDICTIONAL RESPONSE TO**
**COURT OF APPEALS' JUNE 18, 2015, NOTICE**

─────────────────────────────

**FRED HAGANS**
**KENDALL C. MONTGOMERY**
**HAGANS BURDINE MONTGOMERY**
**    & RUSTAY, P.C.**
3200 Travis, Fourth Floor
Houston, Texas 77006
Telephone:     (713) 222-2700
Telecopier:     (713) 547-4950

**VINCENT L. MARABLE III**
**PAUL WEBB, P.C.**
221 N. Houston
Wharton, Texas   77488
Telephone:     (979) 532-5331
Telecopier:     (979) 532-2902

**ATTORNEYS FOR APPELLANTS/ PLAINTIFFS MICHELLE HEINRICH, ET AL.**

TO THE HONORABLE FIRST COURT OF APPEALS:

Appellants/Plaintiffs Michelle Heinrich, Mandy So and Naim El-Aswad, M.D., Individually and Derivatively as Members of Victory's Bioethical Anatomics, LLC and Victory's Advanced Centers for Surgical Education, LLC ("Appellants") file this Reply in Support of Response to Court of Appeals' June 18, 2015, Notice as follows:

## INTRODUCTION AND OVERVIEW

This Court issued a Notice dated June 18, 2015, which stated: "The Court's records indicate that Appellants'/Plaintiffs' Petition for Permission to Appeal Interlocutory Order filed with this Court on May 27, 2015 may not have been timely. See, e.g., Inliner Americas, Inc. v. MaComb Funding Group, L.L.C., 244 S.W.3d 427 (Tex. App.–Houston [14th Dist.] 2007, no pet.)". Appellants responded to the Notice on June 25, 2015. Appellees replied on June 26, 2015. Appellants file this further response/reply on the jurisdictional issue identified in the June 18, 2015, Notice.

As is evident from Appellants' June 25, 2015, Response, Appellants do not "concede that [their] petition was not filed within 15 days of the order to be appealed" and do not concede that Tex. R. Civ. P. 168 was not satisfied. See Appellees' June 26, 2015, filing, p. 2, ¶¶ 1 and 3. The trial court amended its

April 17, 2015, order on May 15, 2015, and the petition for permission to appeal was filed on May 27, 2015, within the 15 day deadline.

The Federal Court of Appeals Practice Manual specifically recognizes that a trial court's order certifying a case for interlocutory appeal is usually made in separate order issued after the substantive ruling.

> Counsel are typically so preoccupied with the merits of a motion that they do not address in their motion the question of whether the district court should certify its ruling for interlocutory appeal. Until the court actually rules, it may be hard to predict whether its decision will even meet the criteria for such an appeal.  If the district court denies a motion due to unresolved factual issues, for instance, the prospects for interlocutory appeal are slim.  Hence, more often than not, there is nothing to gain by asking for district court certification before you know how the district court rules on the merits of a motion.  The appeal period does not start until the district court enters an order containing the requisite certification, so no appeal period is running while you wait to see how the district court rules before deciding to seek certification.
>
> When the court does rule on the merits of a motion, it may sua sponte certify its order for interlocutory appeal.  More often it will not.  At most, a judge may hint at his or her inclination to certify its order for interlocutory appeal. In any event, if you want to appeal, you will need to file a new motion asking the district court to amend its order to include the certification required under section 1292(b).

David G. Knibb, Federal Court of Appeals Manual (6th ed.), Section 5:3 What is the procedure and what are the tests for certification by the district court?

This Court should resolve the jurisdictional issue in favor of Appellants

and proceed to the merits of the petition for permission to appeal.

Respectfully submitted,

**HAGANS BURDINE MONTGOMERY & RUSTAY, P.C.**

By: /s/ Fred Hagans
Fred Hagans
State Bar No. 08685500
fhagans@hagans-law.com
Kendall C. Montgomery
State Bar No. 14293900
kmontgomery@hagans-law.com
3200 Travis, Fourth Floor
Houston, Texas 77006
(713) 222-2700
(713) 547-4950 Fax

**PAUL WEBB, P.C.**

Vincent L. Marable III
State Bar No. 12961600
trippmarable@sbcglobal.net
221 N. Houston St.
Wharton, Texas 77488-3821
(979) 532-5331
(979) 532-2902 Fax

**ATTORNEYS FOR APPELLANTS/ PLAINTIFFS MICHELLE HEINRICH, ET AL.**

4

## CERTIFICATE OF SERVICE

I certify that on June 29, 2015, a true and correct copy of the above and foregoing Appellants'/Plaintiffs' Reply In Support Of Jurisdictional Response To Court Of Appeals' June 18, 2015, Notice was forwarded to all counsel of record by the Electronic Filing Service Provider, if registered; a true and correct copy of this document was forwarded to all counsel of record not registered with an Electronic Filing Service Provider by certified mail return receipt requested, addressed as follows:


Murray J. Fogler
Robert Ford
Fogler, Brar, Ford, O'Neil & Gray, LLP
711 Louisiana, Suite 500
Houston, Texas   77002
**Attorneys for Appellees/Defendants**
**Strasburger & Price L.L.P., Stuart F.**
**Miller, and Jane H. Woelfel**


Russell S. Post
Beck ǀ Redden LLP
1221 McKinney St., Suite 4500
Houston, Texas   77010
**Attorneys for Appellees/Defendants**
**Strasburger & Price L.L.P., Stuart F.**
**Miller, and Jane H. Woelfel**


  /s/   Vincent L. Marable III
**VINCENT L. MARABLE III**

## CERTIFICATE OF COMPLIANCE

This Jurisdictional Reply consists of 666 words. This Jurisdictional Reply was requested by the First Court of Appeals. For such reason, undersigned counsel for Appellants does not believe that there is an applicable word count limitation.

/s/  Vincent L. Marable III
**VINCENT L. MARABLE III**