HORIZON/CMS HEALTHCARE CORPORATION, INC., d/b/a Doctors Healthcare Center, Petitioner,

v.

Harriet FISCHER, individually and as Executrix of the Estate of Harry Fischer, Respondent.

No. 02–0499.

Supreme Court of Texas.

June 19, 2003.

Rehearing Denied Aug. 21, 2003.

Gregory J. Lensing, Christopher T. Colby, Andrea M. Kuntzman, Cowles & Thompson, P.C., Stan Thiebaud, Ty Alan Bailey, Stinnett Thiebaud & Remington, Dallas, for Petitioner.

Carolyn Mitchell, Law Office of Carolyn Mitchell, P.C., for respondent.

PER CURIAM.

Harriet Fischer, individually and as executrix of the estate of Harry Fischer, sued Doctors Hospital and Doctors Healthcare Center (collectively, "Doctors"), asserting various claims arising from Doctors' alleged medical negligence in caring for Fischer's husband. Fischer timely filed an expert report authored by Mildred O. Hogstel, a registered nurse. The Hogstel report opined that the nursing care at Doctors Hospital was "below the standard of good nursing care" and that there were "serious concerns and questions about the signs of facial injury of Mr. Fischer at Doctors Healthcare Center" because such injuries were consistent with physical abuse.

Doctors moved to dismiss the case, claiming the Hogstel report did not comply with the Medical Liability and Insurance Improvement Act. *See* Tex.Rev.Civ. Stat. art. 4590i. Fischer filed a response verified by her counsel. Fischer argued that the report complied with the definition of "expert report" by giving a fair summary of Hogstel's opinions and by showing the claim was not frivolous. Alternatively, Fischer sought a thirty-day grace period pursuant to section 13.01(g) of the Act. She

argued that, if the report was insufficient, it was the result of a mistake and not an intentional act or conscious indifference. According to Fischer's counsel, she believed the report was adequate when she filed it. She averred that the fact that she filed the report, along with the cost bonds, demonstrated that she did not act with conscious indifference.

The trial court, on Doctors' motion, dismissed Fischer's claims with prejudice. Fischer filed both a motion for rehearing and a motion for new trial. The trial court's docket sheet indicates that the motions were heard together on February 8, 1999 and were taken under advisement. While the docket sheet contains a February 9 entry indicating "Motion for New Trial granted and Motion for Rehearing is moot," the trial court did not issue a written order on the motion for new trial. Fischer appealed the dismissal.

The court of appeals reversed and remanded, holding that Hogstel was qualified as an expert but-relying on *American Transitional Care Centers of Texas, Inc. v. Palacios,* 46 S.W.3d 873 (Tex.2001)—that the trial court did not abuse its discretion in determining that Hogstel's report was not a good faith effort to comply with the statute. The court of appeals also held, however, that respondent's counsel's testimony that "she proferred the report under the 'new Act' and that she believed the report complied with the Act's requirements" was uncontroverted and thus the trial court abused its discretion when it denied respondent a thirty-day grace period under section 13.01(g).

Today, in *Walker v. Gutierrez,* 111 S.W.3d 56, 2002 WL 32116846 (Tex.2003) we hold that, when a claimant files a report that omits one or more of section 13.01(r)(6)'s required elements, a purportedly mistaken belief that the report complied with the statute does not negate a finding of "intentional or conscious indifference." TEX.REV.CIV. STAT. art. 4590i, § 13.01(g). Accordingly, such a mistake is not a mistake of law that entitles a claimant to a section 13.01(g) grace period. Our holding in *Walker* is dispositive here.

We hold that the trial court did not abuse its discretion in determining that Fischer's failure to file an adequate expert report was not the result of accident or mistake. As the court of appeals correctly noted, the Hogstel report omitted the standard of care and any causal connection between the conduct complained of and Fischer's injuries. 106 S.W.3d 110. Thus, the trial court properly refused to grant a section 13.01(g) grace period. We also decline respondent's request that we revisit *Palacios's* holding that a trial court is limited to the four corners of the report when determining whether a report constitutes a good faith attempt to comply with the statute under sections 13.01(*l*) and (r)(6) or that we overrule our precedent (and ignore Texas Rule of Civil Procedure 329b) requiring written orders granting new trials.

Accordingly, without hearing oral argument, we grant the petitions for review, reverse the court of appeals' judgment and dismiss with prejudice Fischer's claims. TEX.R.APP. P. 59.1.