## In re Joanne LOVITO–NELSON, Relator.

No. 08–0482.

Supreme Court of Texas.

Feb. 27, 2009.

Grey Pierson, Pierson Behr, Arlington, TX, for Relator.

Paul Micheal Schneider, The Schneider Law Firm, P.C., Arlington TX, for Real Party in Interest.

## PER CURIAM.

Rule 329b(c) of the Texas Rules of Civil Procedure states that a motion for a new trial can be granted only by a written, signed order:

> In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.

In the action underlying this original mandamus proceeding, the trial court determined that its scheduling order had the effect of granting a motion for new trial even though it did not do so explicitly. We disagree.

On September 17, 2007, the trial court signed a "Final Order in Suit Affecting the Parent–Child Relationship." The order recites that petitioner Joanne Lovito–Nelson and respondents Shannon Kline and Joseph Gordon appeared in person for trial but waived a jury and a record of the evidence, and submitted the case to the court. Lovito–Nelson, the relator in the present proceeding, tells us that the parties settled shortly after trial began.

The order appointed Lovito–Nelson, Kline, and Gordon joint managing conservators of three girls, then ages 9, 7, and 3. The order recites that Kline is their mother, Gordon their "father/stepfather," and Lovito–Nelson their grandmother. The order found that Kline and Gordon each owed Lovito–Nelson $1,275 in previously ordered child support and ordered them each to make $100 monthly payments on the arrearage.

On October 16, 2007, Kline and Gordon timely filed a motion for new trial, asserting that although Kline was the mother of all three girls, Gordon was the father of only one; that the other two girls had never been the subject of the action; that Kline and Gordon had not agreed to the appointment of a temporary conservator; and that they had not agreed to the judgment. The court heard the motion on November 6 and initialed this handwritten entry on the docket sheet: "New trial granted. DHL." The same date the trial court and counsel for all parties signed an agreed "Pre–Trial Scheduling Order." The order appears to be a form order with spaces for handwritten dates. The order set various pretrial deadlines and a final trial date and time—"6/2/08 @ 9:30." The order stated: "Trial on the merits is hereby set on this date."

By letter dated January 31, 2008, counsel for Lovito–Nelson wrote to the trial judge that "the Court never signed a written order granting" a new trial, and that since "[m]ore than 105 days have passed since the Final Order ... was signed by the Court ... it appears to me that (1) this judgment is now final and (2) the Pre–Trial Scheduling Order in this matter is now moot." *See* Tex.R. Civ. P. 329b(e) ("If

a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.").

On April 16, 2008, the trial court signed an order denying "Respondent's Motion to Sign the Order on *Motion for New Trial.*" The order recited that the court had granted the motion for new trial at the November 6 hearing and made a note to that effect on the docket sheet. The order further recited that the court had determined that the agreed scheduling order "set aside the Final Order" and "satisfied the requirements of Tex.R. Civ. P. 329b(c) ... for the granting of a Motion for New Trial." Thus, the court concluded, respondent's motion was moot, and the scheduling deadlines "remain in full effect."

Lovito–Nelson petitioned for a writ of mandamus in the court of appeals, which denied relief without opinion, and now seeks relief from this Court.

We have been clear that Rule 329b(c) requires a written order to grant a new trial. In *Faulkner v. Culver,* 851 S.W.2d 187, 188 (Tex.1993) (per curiam), we held that a trial court's "oral pronouncement and docket entry ... could not be substituted for a written order required by Rule 329b." We added that under Rule 329b(c), "[a]n order granting a new trial or modifying, correcting, or reforming a judgment must be written and signed." We reached the same holding in *Clark & Co. v. Giles,* 639 S.W.2d 449, 450 (Tex.1982) (per curiam). More recently, we "decline[d to] overrule our precedent (and ignore Texas Rule of Civil Procedure 329b) requiring written orders granting new trials." *Horizon/CMS Healthcare*

*Corp., Inc. v. Fischer,* 111 S.W.3d 67, 68 (Tex.2003) (per curiam). Although we have never had occasion to apply the rule to scheduling orders, the courts of appeals have, and have mostly held that such orders do not grant new trials. *See In re Nguyen,* 155 S.W.3d 191, 193–194 (Tex. App.-Tyler 2003, orig. proceeding) (holding that a scheduling order setting a trial date signed within the court's plenary jurisdiction did not grant a motion for new trial); *In re Hesser,* No. 05–00–00769–CV, 2000 Tex.App. LEXIS 3548, at *4, 2000 WL 694742, at *2 (Tex.App.-Dallas May 31, 2000, orig. proceeding) (same); *Southland Distrib. Co. v. Hales, Bradford & Allen,* No. 13–99–125–CV, 1999 Tex.App. LEXIS 5442, at *3–4, 1999 WL 34974110, at * 1 (Tex.App.-Corpus Christi July 22, 1999, no pet.) (per curiam) (holding that trial court's setting of a hearing on a motion for summary judgment did not set aside the summary judgment previously granted); *Estate of Townes v. Wood,* 934 S.W.2d 806, 807 (Tex.App.-Houston [1st Dist.] 1996, orig. proceeding) (en banc) (holding that an oral pronouncement, docket sheet notation, and trial setting order did not, taken together, substitute for a signed order granting a motion for new trial); *Cortland Line Co. v. Israel,* 874 S.W.2d 178, 182–183 (Tex.App.-Houston [14th Dist.] 1994, writ denied) (holding that an oral pronouncement, docket sheet notation, and trial setting order did not, taken together, substitute for a signed order granting a motion for new trial).

It is important that the requirement of a written order granting a motion for new trial be a bright-line rule. Otherwise, one might argue that all sorts of conduct should be given the same effect—a trial setting or other setting, a status conference, a hearing on a discovery motion, a request for discovery—the list is endless. The uncertainty would carry over to appel-

late deadlines and possibly give rise to mandamus proceedings, like this one. The requirement is not difficult to meet, and the movant who fails to satisfy it is not left without possibility of relief. He may still attempt to prosecute an appeal, a restricted appeal, or a bill of review. But a motion for new trial is not granted without a signed, written order explicitly granting the motion.

The trial court in this case relied on *Thorpe v. Volkert*, 882 S.W.2d 592 (Tex. App.-Houston [1st Dist.] 1994, no writ). In *Thorpe*, the trial court rendered judgment for the defendant after a bench trial but orally granted the plaintiff's motion for new trial and made a corresponding docket sheet notation. At the same time, the court also signed an agreed order granting the defendant's motion for a preferential trial setting. The court of appeals held that the order effectively granted the motion for new trial. To the extent *Thorpe* is inconsistent with this opinion, it is disapproved.

▮ The trial court's plenary jurisdiction expired before it issued its April 16, 2008 order. Mandamus relief is appropriate when a trial court has acted after its plenary power has expired. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008); *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000) (per curiam). Accordingly, without hearing oral argument, TEX. R.APP. P. 52.8(c), we conditionally grant Lovito–Nelson's petition for writ of mandamus and direct the trial court to vacate its April 16, 2008 order. We are confident the trial court will promptly comply. The writ will issue only if it does not.