Petition for Writ of
Mandamus Denied and Memorandum Opinion filed November 18, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-01111-CV

____________

 

RSL FUNDING, LLC and RAPID SETTLEMENTS, LTD., Relators

 

 



ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 

 



M E M O R
A N D U M   O P I N I O N

            On November 12, 2010, relators RSL Funding, LLC and Rapid
Settlements, Ltd. filed a petition for writ of mandamus in this court.  See
Tex. Gov’t Code § 22.221; see also Tex. R. App. P. 52.  Relators assert
that the trial court lacks jurisdiction and ask this court to direct the
respondent, the Honorable Patricia Hancock, presiding judge of the 113th District
Court of Harris County, to vacate all orders and settings in cause number
2006-23366.  They also request that we direct the respondent to grant Rapid
Settlements, Ltd.’s motion to strike the First Supplemental Petition and
Application for Temporary Restraining Order and Temporary and Permanent
Injunction filed by the real party in interest, Settlement Funding, LLC d/b/a
Peachtree Settlement Funding,

Mandamus relief is available only to correct a clear abuse of
discretion for which the relator has no adequate remedy by appeal.  In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004).  Mandamus
is appropriate without a showing that an appeal is inadequate if a trial court
issues an order beyond its jurisdiction or after its plenary power has
expired.  In re Lovito-Nelson, 278 S.W.3d 773, 776 (Tex. 2009); In re
Sw. Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000).  

Relators assert that the trial court signed a final judgment
in this case on April 7, 2010, and that the court’s plenary power expired on
July 22, 2010.  Therefore, they assert that all subsequent trial court actions
are void.  See State ex rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex.
1995).  

Determining finality here involves the interplay of three suits referred
to as the King action, the Franklin action, and the Maxwell action.  These
three suits were consolidated into trial court cause number 2006-23366.

The trial court granted summary judgment in the Maxwell action in an
order signed on May 12, 2009.  An order severing the Maxwell action was signed
on June 9, 2009; the severed Maxwell action  became cause number 2006-23366-A. 
The summary judgment in the severed Maxwell action was appealed to this court,
which affirmed the judgment in part and reversed and remanded in part.  See Rapid
Settlements, Ltd. v. Settlement Funding, LLC, No. 14-09-00637-CV, 2010 WL
3504182 (Tex. App.—Houston [14th Dist.] Sept. 9, 2010, no pet. h.).  Because
unadjudicated claims remained pending in the consolidated King and Franklin
actions, the June 2009 order severing the Maxwell action did not create a final
and appealable judgment in those actions.

On April 7, 2010, the trial court signed an order granting summary
judgment in the King action.  The April 7, 2010 summary judgment order does not
expressly refer to the Franklin action.  On August 13, 2010, amended pleadings
were filed adding new claims in the still-consolidated King and Franklin
actions.  Rapid moved to strike the petition, claiming the court no longer had
plenary power because the April 7, 2010 summary judgment order was final and
appealable.  On September 13, 2010, the court denied the motion and ruled that
no final judgment had been signed resolving all claims at to all parties in the
still-consolidated King and Franklin actions.  

The April 7, 2010 summary judgment order begins by identifying  the specific
summary judgment motion being  considered, which was filed by Peachtree
Settlement Funding and King.  The order also states that the court is granting the
motion in favor of Peachtree and King; the order does not refer to the
consolidated Franklin action.  The April 7, 2010 order states as follows: 

This Court, having considered Plaintiff Settlement
Funding, LLC d/b/a Peachtree Settlement Funding and Plaintiff Simmie Bernard
King’s First Amended Traditional Motion for Summary Judgment against Defendant
Rapid Settlements, Ltd. (“Rapid”), the response thereto, the summary judgment
evidence, the arguments of counsel, if any, and the vexatious and intertwined
nature of Rapid’s conduct during the course of litigation, is of the opinion
that Summary Judgment should be granted in favor of Plaintiffs Settlement
Funding, LLC d/b/a Peachtree Settlement Funding (“Peachtree”) and Plaintiff
Simmie Bernard King (collectively “Plaintiffs”).  

 

Thus, the
court limited its ruling to the claims in the King action.  The order concludes
by stating:  “This Final Judgment disposes of all parties and all claims and is
final.”  

The judgment is not final merely because it states that it is final; it
must actually dispose of all parties and claims or demonstrate an unequivocal
intent to dispose of all parties and claims.  See Lehmann v. Har-Con Corp., 39
S.W.3d 191, 205 (Tex. 2001).  The April 7, 2010 summary judgment order does not
demonstrate an unequivocal intent to dispose of all parties and claims.

The April 7, 2010 summary judgment order limited its ruling to the
specific summary judgment motion identified in the order.  The summary judgment
motion being decided in that order did not expressly reference the claims in
the consolidated Franklin action.  Therefore, the judgment does not dispose of
all parties and claims or demonstrate a clear intent to do so.  These facts
distinguish this case from In re Deredia, 317 S.W.3d 247, 248-49 (Tex.
2010) (per curiam), in which a default judgment was determined to be final
based on unequivocal finality language in the order.  Additionally, we may review
the record in making our determination as to the finality of the judgment.  See
Lehmann, 39 S.W.3d at 205-06.  If the record reveals the presence of
other parties or claims not mentioned in the order, the order is not final.  Id.
at 206.  

A review of the record shows that the Franklin claims were not addressed
in the summary judgment motion.  The court’s docket states:  “Order for
Interlocutory Summary Judgment signed.”  In its order denying the real party’s motion
to strike the amended pleadings, the court specifically ruled that no final
judgment has been entered.  The court directed the King claims that were the
subject of the April 7, 2010 summary judgment should be severed.  The April 7,
2010 King judgment has now been severed into a separate case, 2006-23366-B. 

We conclude that the April 7, 2010 summary judgment order was not final and
appealable, and that the trial court retained jurisdiction over the case.  Because
we conclude that the trial court retained jurisdiction to act after the April
7, 2010 interlocutory summary judgment order was signed, we deny relators’
petition for writ of mandamus.

 

 

 

                                                                        PER
CURIAM

 

 

Panel
consists of Chief Justice Hedges and Justices Yates and Boyce.