COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| HUGO OLMOS, | § | No. 08-09-00239-CV |
|  | § |  |
| Appellant, | § | Appeal from |
|  | § |  |
| v. | § | 65th District Court |
|  | § |  |
| ROSA OLMOS, | § | of El Paso County, Texas |
|  | § |  |
| Appellee. | § | (TC # 2007CM6558) |
|  | § |  |

**O P I N I O N**

Hugo Olmos appeals from a final decree of divorce. Finding that the court below erred in striking his pleadings, we reverse and remand.

**FACTUAL SUMMARY**

Hugo and Rosa Olmos separated in December 2006 and she filed a divorce petition on September 25, 2007. The trial court entered temporary orders requiring Hugo to pay $1,000 per month for child support and $559.86 per month for temporary spousal support. On May 9, 2008, the associate judge signed an order finding Hugo guilty of criminal contempt because he failed to pay spousal support and child support. The associate judge ordered Hugo committed to the El Paso County jail for 150 days for each violation, but suspended the commitment and placed Hugo on probation until the arrearage was paid in full. The order required Hugo to pay $100 per month to the Texas Child Support State Disbursement Unit as payment on the arrearage. Additionally, the order granted Rosa a cumulative judgment for the arrearage in the amount of $4,559.86.

Thereafter, Rosa filed a motion to compel discovery and a motion for sanctions, alleging that Hugo had failed to answer interrogatories, produce documents, respond to a request for disclosure

pursuant to TEX.R.CIV.P. 194.1, or file an inventory and appraisement pursuant to a prior order. The associate judge ordered Hugo to answer the interrogatories, produce certain documents, and provide a response to the requests for disclosure by a date certain. This order did not impose sanctions. Asserting Hugo had failed to comply with the order, Rosa filed a second motion to compel discovery and for sanctions. The record does not reflect whether the associate judge conducted a hearing on the motion or heard evidence, but on August 21, 2008, the associate judge entered an order requiring Hugo to provide answers to interrogatories, to produce certain documents, and to provide a response to requests for disclosure by September 1, 2008. The order conditionally provided that if Hugo did not comply by September 1, 2008, his pleadings would be struck and judgment would be granted in Rosa's favor with an award for attorney's fees in the amount of $3,500. Hugo had no pleadings on file at the time. The record does not affirmatively reflect that the associate judge ever conducted a compliance hearing to determine whether Hugo had complied by the due date.

On January 23, 2009, Hugo filed a counter-petition for divorce alleging fault and seeking a disproportionate division of the community estate. Eleven days later, on February 3, 2009, the associate judge entered a default judgment when Hugo and his attorney did not attend a hearing due to counsel's illness. The child support arrearage was reduced to judgment in the total amount of $16,888.46 with $12,000 of that amount relating to retroactive child support from December 1, 2006 through November 30, 2007, plus $4,888.46 on the arrearage previously confirmed. The judgment required Hugo to pay $200 each month toward the arrearage. It also required Hugo to pay the arrearage on the temporary spousal support in the amount of $5,598.60 at the rate of $200 per month. Finally, the default judgment recited that Hugo's counter-petition was stricken in accordance with the discovery sanctions order entered on August 21, 2008.

Hugo filed a motion for trial *de novo* on February 6, 2009 and a motion to set aside the

default judgment on February 10, 2009. The referring court orally granted Hugo's motion for new trial at a hearing on April 9, 2009, but no written order to that effect was ever signed.

At the *de novo* hearing held on April 9, 2009, the referring court addressed the sanctions issue. Hugo argued his counter-petition had not been filed at the time the associate judge entered the August 21, 2008 order and the order did not expressly apply to future pleadings. The referring court rejected that argument and struck Hugo's pleadings. The referring court proceeded to hear the case *de novo* and entered a final decree of divorce on July 28, 2009. This appeal follows. Rosa has not favored us with a brief on the merits.

## MOTION FOR NEW TRIAL

In Issue One, Hugo contends that the trial court abused its discretion by considering the associate judge's sanction order and temporary orders to be valid after the referring court had granted his motion for new trial. Hugo reasons that the granting of the new trial had the effect of vacating all orders entered by the associate judge, including the temporary orders, the sanctions order, and the May 9, 2008 contempt order which also confirmed the child support and temporary support arrearages. Hugo's argument is without merit because the trial court did not sign a written order granting a new trial.

Rule 329b(c) requires a written order to grant a new trial. TEX.R.CIV.P. 329b(c); *In re Lovito-Nelson*, 278 S.W.3d 773, 775 (Tex. 2009); *Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex. 1993). A timely filed motion for new trial is overruled by operation of law if the trial court does not sign a written order within seventy-five days after the date the judgment is signed. TEX.R.CIV.P. 329b(c). The trial court also has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment for thirty days after the motion for new trial is overruled, either by a written and signed order or by operation of law, whichever occurs first. TEX.R.CIV.P. 329b(e). A trial judge's

oral pronouncement granting a motion for new trial and a docket entry indicating that the motion was granted cannot substitute for a written order required by Rule 329b. *Faulkner*, 851 S.W.2d at 188. This is true even when the oral pronouncement is accompanied by a written scheduling order setting the case for trial. *Estate of Townes v. Wood*, 934 S.W.2d 806, 807 (Tex.App.--Houston [1st Dist.] 1996, orig. proceeding)(en banc)(holding that an oral pronouncement, docket sheet notation, and trial setting order did not, taken together, substitute for a signed order granting a motion for new trial); *Cortland Line Co. v. Israel*, 874 S.W.2d 178, 182-83 (Tex.App.--Houston [14th Dist.] 1994, writ denied)(holding that an oral pronouncement, docket sheet notation, and trial setting order did not, taken together, substitute for a signed order granting a motion for new trial); *see also In re Lovito-Nelson*, 278 S.W.3d at 775-76 (holding that a docket entry initialed by a trial judge stating that a new trial is granted and a scheduling order setting a trial date did not satisfy Rule 329b(c)'s requirement of a written order). Since the trial court never signed a written order granting the motion for new trial, it was overruled by operation of law seventy-five days after the judgment was signed. Nevertheless, the trial court had authority to proceed to a *de novo* hearing because Hugo timely filed a request for *de novo* hearing pursuant to Section 201.015 of the Family Code. TEX.FAM.CODE ANN. § 201.015 (West Supp. 2010). We overrule Issue One.

## DEATH PENALTY SANCTIONS

In his third issue, Hugo contends that the referring court abused its discretion by striking his counter-petition and by limiting him to presenting only rebuttal witnesses. We agree.

### *Standard of Review*

A trial court's sanctions order under Texas Rule of Civil Procedure 215.2(b) is reviewed for abuse of discretion. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules or legal principles. *Cire*, 134 S.W.3d at 838; *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000). The trial court's discretion in imposing sanctions is limited by the standards set out in the applicable Rules of Civil Procedure and *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W. 2d 913 ( Tex. 1991).

Rule 215.2 of the Texas Rules of Civil Procedure authorizes a trial court to sanction a party for failure to comply with a discovery order or request. TEX.R.CIV.P. 215.2. A list of possible sanctions is found in Rule 215.2(b). Pertinent to this case, an order striking pleadings is one of the sanctions available to the court. TEX.R.CIV.P. 215.2(b)(5). The Texas Supreme Court defines "death penalty sanctions" as "sanctions that terminate a party's right to present the merits of its claims." *State v. Bristol Hotel Asset Co.*, 65 S.W.3d 638, 647 (Tex. 2001). Such sanctions include striking a party's pleadings, dismissing its action, or rendering a default judgment against a party for abusing the discovery process. *Id.* Death penalty sanctions must be reserved for circumstances in which a party has so abused the rules of procedure, despite imposition of lesser sanctions, that the party's position can be presumed to lack merit and it would be unjust to permit the party to present the substance of that position before the court. *TransAmerican*, 811 S.W.2d at 918.

A trial court may not impose sanctions that are more severe than necessary to satisfy legitimate purposes. *Cire*, 134 S.W.3d at 839. Further, Rule 215.2(b) explicitly requires that any sanction under this rule be "just." TEX.R.CIV.P. 215.2(b). The Supreme Court's decision in *TransAmerican* set out a two-part test for determining whether a particular sanction is just. *Spohn Hospital v. Mayer*, 104 S.W.3d 878, 882 (Tex. 2003); *TransAmerican*, 811 S.W.2d at 917. First, there must be a direct relationship between the offensive conduct and the sanction imposed. *TransAmerican*, 811 S.W.2d at 917. A just sanction must be directed against the abuse and toward remedying the prejudice caused to the innocent party, and the sanction should be visited upon the offender. *Spohn Hospital*, 104 S.W.3d at 882; *TransAmerican*, 811 S.W.2d at 917. The trial court should make some attempt to determine whether fault for discovery abuse lies with the party, its counsel, or both. *Spohn Hospital*, 104 S.W.3d at 882; *TransAmerican*, 811 S.W.2d at 917. Second, just sanctions must not be excessive. *Spohn Hospital*, 104 S.W.3d at 882; *TransAmerican*, 811 S.W.2d at 917. In assessing the second standard, the sanction should be no more severe than necessary to satisfy its legitimate purposes, which include securing compliance with discovery rules, deterring other litigants from similar misconduct, and punishing violators. *Spohn Hospital*, 104 S.W.3d at 882; *TransAmerican*, 811 S.W.2d at 917. The court must consider less stringent sanctions and whether such lesser sanctions will fully promote compliance, deterrence, and discourage further abuse. *Spohn Hospital*, 104 S.W.3d at 882; *TransAmerican*, 811 S.W.2d at 917. Death penalty sanctions may be imposed in exceptional cases where they are clearly justified and it is apparent that no lesser sanctions would promote compliance with the rules. *Spohn Hospital*, 104 S.W.3d at 882. Discovery sanctions that are so severe as to inhibit presentation of the merits of the case should be reserved to address a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules. *Spohn Hospital*, 104 S.W.3d at 883.

Here, the associate judge entered the sanctions order without consideration of either part of the *TransAmerican* test. We are particularly troubled by the associate judge's failure to consider lesser sanctions. Further, the record does not reflect that the associate judge held a compliance hearing to determine if Hugo had complied with the order nor does the record show that the judge made a finding of non-compliance. We conclude that the associate judge abused his discretion by entering the sanctions order.

The referring court subsequently "enforced" the sanctions order by striking Hugo's counter-petition which had been filed after the entry of the sanctions order and even though the sanctions order did not expressly apply to any future pleadings. The record does not reflect that the referring court held a compliance hearing or considered either part of the *TransAmerican* test before striking Hugo's counter-petition. Instead it appears that the referring court simply applied the sanctions order to Hugo's counter-petition. For these reasons, we conclude that the referring court abused its discretion by applying the sanctions order to Hugo's counter-petition. Further, the court's error probably caused the rendition of an improper judgment because it inhibited Hugo's ability to present his case. *See* TEX.R.APP.P. 44.1(a). We sustain Issue Three.

Given our resolution of Issue Three, we need not address Issues Two and Four. The judgment of the trial court is reversed and the cause is remanded to the trial court for a *de novo* hearing on the issues identified in Hugo's motion.

July 29, 2011

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.