COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





HUGO OLMOS,

                                    Appellant,

v.

ROSA OLMOS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-09-00239-CV

Appeal from
 65th District Court

of El Paso County, Texas

(TC # 2007CM6558)



 

 

 




O P I N I O N

            Hugo Olmos appeals from a final decree of divorce. Finding that the court below erred in
striking his pleadings, we reverse and remand.
FACTUAL SUMMARY
            Hugo and Rosa Olmos separated in December 2006 and she filed a divorce petition on
September 25, 2007. The trial court entered temporary orders requiring Hugo to pay $1,000 per
month for child support and $559.86 per month for temporary spousal support. On May 9, 2008, the
associate judge signed an order finding Hugo guilty of criminal contempt because he failed to pay
spousal support and child support. The associate judge ordered Hugo committed to the El Paso
County jail for 150 days for each violation, but suspended the commitment and placed Hugo on
probation until the arrearage was paid in full. The order required Hugo to pay $100 per month to the
Texas Child Support State Disbursement Unit as payment on the arrearage. Additionally, the order
granted Rosa a cumulative judgment for the arrearage in the amount of $4,559.86. 
            Thereafter, Rosa filed a motion to compel discovery and a motion for sanctions, alleging that
Hugo had failed to answer interrogatories, produce documents, respond to a request for disclosure
pursuant to Tex.R.Civ.P. 194.1, or file an inventory and appraisement pursuant to a prior order. The
associate judge ordered Hugo to answer the interrogatories, produce certain documents, and provide
a response to the requests for disclosure by a date certain. This order did not impose sanctions. 
Asserting Hugo had failed to comply with the order, Rosa filed a second motion to compel discovery
and for sanctions. The record does not reflect whether the associate judge conducted a hearing on
the motion or heard evidence, but on August 21, 2008, the associate judge entered an order requiring
Hugo to provide answers to interrogatories, to produce certain documents, and to provide a response
to requests for disclosure by September 1, 2008. The order conditionally provided that if Hugo did
not comply by September 1, 2008, his pleadings would be struck and judgment would be granted in
Rosa’s favor with an award for attorney’s fees in the amount of $3,500. Hugo had no pleadings on
file at the time. The record does not affirmatively reflect that the associate judge ever conducted a
compliance hearing to determine whether Hugo had complied by the due date. 
            On January 23, 2009, Hugo filed a counter-petition for divorce alleging fault and seeking a
disproportionate division of the community estate. Eleven days later, on February 3, 2009, the
associate judge entered a default judgment when Hugo and his attorney did not attend a hearing due
to counsel’s illness. The child support arrearage was reduced to judgment in the total amount of
$16,888.46 with $12,000 of that amount relating to retroactive child support from December 1, 2006
through November 30, 2007, plus $4,888.46 on the arrearage previously confirmed. The judgment
required Hugo to pay $200 each month toward the arrearage. It also required Hugo to pay the
arrearage on the temporary spousal support in the amount of $5,598.60 at the rate of $200 per month. 
Finally, the default judgment recited that Hugo’s counter-petition was stricken in accordance with
the discovery sanctions order entered on August 21, 2008. 
            Hugo filed a motion for trial de novo on February 6, 2009 and a motion to set aside the
default judgment on February 10, 2009. The referring court orally granted Hugo’s motion for new
trial at a hearing on April 9, 2009, but no written order to that effect was ever signed. 
            At the de novo hearing held on April 9, 2009, the referring court addressed the sanctions
issue. Hugo argued his counter-petition had not been filed at the time the associate judge entered
the August 21, 2008 order and the order did not expressly apply to future pleadings. The referring
court rejected that argument and struck Hugo’s pleadings. The referring court proceeded to hear the
case de novo and entered a final decree of divorce on July 28, 2009. This appeal follows. Rosa has
not favored us with a brief on the merits.
MOTION FOR NEW TRIAL
            In Issue One, Hugo contends that the trial court abused its discretion by considering the
associate judge’s sanction order and temporary orders to be valid after the referring court had granted
his motion for new trial. Hugo reasons that the granting of the new trial had the effect of vacating
all orders entered by the associate judge, including the temporary orders, the sanctions order, and the
May 9, 2008 contempt order which also confirmed the child support and temporary support
arrearages. Hugo’s argument is without merit because the trial court did not sign a written order
granting a new trial.
            Rule 329b(c) requires a written order to grant a new trial. Tex.R.Civ.P. 329b(c); In re
Lovito-Nelson, 278 S.W.3d 773, 775 (Tex. 2009); Faulkner v. Culver, 851 S.W.2d 187, 188 (Tex.
1993). A timely filed motion for new trial is overruled by operation of law if the trial court does not
sign a written order within seventy-five days after the date the judgment is signed. Tex.R.Civ.P.
329b(c). The trial court also has plenary power to grant a new trial or to vacate, modify, correct, or
reform the judgment for thirty days after the motion for new trial is overruled, either by a written and
signed order or by operation of law, whichever occurs first. Tex.R.Civ.P. 329b(e). A trial judge’s
oral pronouncement granting a motion for new trial and a docket entry indicating that the motion was
granted cannot substitute for a written order required by Rule 329b. Faulkner, 851 S.W.2d at 188. 
This is true even when the oral pronouncement is accompanied by a written scheduling order setting
the case for trial. Estate of Townes v. Wood, 934 S.W.2d 806, 807 (Tex.App.--Houston [1st Dist.]
1996, orig. proceeding)(en banc)(holding that an oral pronouncement, docket sheet notation, and trial
setting order did not, taken together, substitute for a signed order granting a motion for new trial);
Cortland Line Co. v. Israel, 874 S.W.2d 178, 182-83 (Tex.App.--Houston [14th Dist.] 1994, writ
denied)(holding that an oral pronouncement, docket sheet notation, and trial setting order did not,
taken together, substitute for a signed order granting a motion for new trial); see also In re
Lovito-Nelson, 278 S.W.3d at 775-76 (holding that a docket entry initialed by a trial judge stating
that a new trial is granted and a scheduling order setting a trial date did not satisfy Rule 329b(c)’s
requirement of a written order). Since the trial court never signed a written order granting the motion
for new trial, it was overruled by operation of law seventy-five days after the judgment was signed. 
Nevertheless, the trial court had authority to proceed to a de novo hearing because Hugo timely filed
a request for de novo hearing pursuant to Section 201.015 of the Family Code. Tex.Fam.Code Ann.
§ 201.015 (West Supp. 2010). We overrule Issue One.
 

DEATH PENALTY SANCTIONS
            In his third issue, Hugo contends that the referring court abused its discretion by striking his
counter-petition and by limiting him to presenting only rebuttal witnesses. We agree.
Standard of Review
            A trial court’s sanctions order under Texas Rule of Civil Procedure 215.2(b) is reviewed for
abuse of discretion. Cire v. Cummings, 134 S.W.3d 835, 838 (Tex. 2004). The test for an abuse of
discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case
for the trial court’s action, but whether the court acted without reference to any guiding rules or legal
principles. Cire, 134 S.W.3d at 838; K-Mart Corp. v. Honeycutt, 24 S.W.3d 357, 360 (Tex. 2000). 
The trial court’s discretion in imposing sanctions is limited by the standards set out in the applicable 
Rules of Civil Procedure and TransAmerican Natural Gas Corp. v. Powell, 811 S.W. 2d 913 ( Tex.
1991).
            Rule 215.2 of the Texas Rules of Civil Procedure authorizes a trial court to sanction a party
for failure to comply with a discovery order or request. Tex.R.Civ.P. 215.2. A list of possible
sanctions is found in Rule 215.2(b). Pertinent to this case, an order striking pleadings is one of the
sanctions available to the court. Tex.R.Civ.P. 215.2(b)(5). The Texas Supreme Court defines
“death penalty sanctions” as “sanctions that terminate a party’s right to present the merits of its
claims.” State v. Bristol Hotel Asset Co., 65 S.W.3d 638, 647 (Tex. 2001). Such sanctions include
striking a party’s pleadings, dismissing its action, or rendering a default judgment against a party for
abusing the discovery process. Id. Death penalty sanctions must be reserved for circumstances in
which a party has so abused the rules of procedure, despite imposition of lesser sanctions, that the
party’s position can be presumed to lack merit and it would be unjust to permit the party to present
the substance of that position before the court. TransAmerican, 811 S.W.2d at 918.
            A trial court may not impose sanctions that are more severe than necessary to satisfy
legitimate purposes. Cire, 134 S.W.3d at 839. Further, Rule 215.2(b) explicitly requires that any
sanction under this rule be “just.” Tex.R.Civ.P. 215.2(b). The Supreme Court’s decision in
TransAmerican set out a two-part test for determining whether a particular sanction is just. Spohn
Hospital v. Mayer, 104 S.W.3d 878, 882 (Tex. 2003); TransAmerican, 811 S.W.2d at 917. First, 
there must be a direct relationship between the offensive conduct and the sanction imposed. 
TransAmerican, 811 S.W.2d at 917. A just sanction must be directed against the abuse and toward
remedying the prejudice caused to the innocent party, and the sanction should be visited upon the
offender. Spohn Hospital, 104 S.W.3d at 882; TransAmerican, 811 S.W.2d at 917. The trial court
should make some attempt to determine whether fault for discovery abuse lies with the party, its
counsel, or both. Spohn Hospital, 104 S.W.3d at 882; TransAmerican, 811 S.W.2d at 917. Second,
just sanctions must not be excessive. Spohn Hospital, 104 S.W.3d at 882; TransAmerican, 811
S.W.2d at 917. In assessing the second standard, the sanction should be no more severe than
necessary to satisfy its legitimate purposes, which include securing compliance with discovery rules,
deterring other litigants from similar misconduct, and punishing violators. Spohn Hospital, 104
S.W.3d at 882; TransAmerican, 811 S.W.2d at 917. The court must consider less stringent sanctions
and whether such lesser sanctions will fully promote compliance, deterrence, and discourage further
abuse. Spohn Hospital, 104 S.W.3d at 882; TransAmerican, 811 S.W.2d at 917. Death penalty
sanctions may be imposed in exceptional cases where they are clearly justified and it is apparent that
no lesser sanctions would promote compliance with the rules. Spohn Hospital, 104 S.W.3d at 882.
Discovery sanctions that are so severe as to inhibit presentation of the merits of the case should be
reserved to address a party’s flagrant bad faith or counsel’s callous disregard for the responsibilities
of discovery under the rules. Spohn Hospital, 104 S.W.3d at 883.
            Here, the associate judge entered the sanctions order without consideration of either part of
the TransAmerican test. We are particularly troubled by the associate judge’s failure to consider
lesser sanctions. Further, the record does not reflect that the associate judge held a compliance
hearing to determine if Hugo had complied with the order nor does the record show that the judge
made a finding of non-compliance. We conclude that the associate judge abused his discretion by
entering the sanctions order. 
            The referring court subsequently “enforced” the sanctions order by striking Hugo’s counter-petition which had been filed after the entry of the sanctions order and even though the sanctions
order did not expressly apply to any future pleadings. The record does not reflect that the referring
court held a compliance hearing or considered either part of the TransAmerican test before striking 
Hugo’s counter-petition. Instead it appears that the referring court simply applied the sanctions order
to Hugo’s counter-petition. For these reasons, we conclude that the referring court abused its
discretion by applying the sanctions order to Hugo’s counter-petition. Further, the court’s error
probably caused the rendition of an improper judgment because it inhibited Hugo’s ability to present
his case. See Tex.R.App.P. 44.1(a). We sustain Issue Three. 
            Given our resolution of Issue Three, we need not address Issues Two and Four. The
judgment of the trial court is reversed and the cause is remanded to the trial court for a de novo
hearing on the issues identified in Hugo’s motion.

July 29, 2011                                                               
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.