02-12-059-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00059-CV

 

 


 
 
 In
 the Interest of W.G.O. III, a minor child
  
  
  
  
  
  
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From the 360th District
 Court
  
 of
 Tarrant County (360-394038-05)
  
 January
 10, 2013
  
 Opinion
 by Justice Walker
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Sue Walker

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00059-CV

 

 


 
 
 In the Interest of W.G.O. III, 
 a minor child
 
 
  
 
 
  
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

 

----------

FROM THE 360th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          This
is an appeal from a January 11, 2012 “Final Order of Modification in Suit
Affecting the Parent-Child Relationship.”  Appellant—W.G.O. III’s mother
(Mother)—raises four issues on appeal.[2]  Appellee is W.G.O. III’s
father (Father).  For the reasons set forth below, we will affirm.

          This
appeal presents a tortured procedural background:  the trial court signed
multiple decrees and multiple sets of temporary orders all prior to hearing
Father’s motion to modify.  Mother’s first three issues on appeal are premised
on her assertion that––for a variety of reasons––a September 6, 2007 “Agreed
Final Decree of Divorce” became final before the trial court signed a November 30,
2009 “Final Decree of Divorce” so that Father’s September 2010 motion to modify
the parent-child relationship and the trial court’s January 11, 2012 order on
Father’s motion to modify the parent-child relationship can only modify the 2007
decree, not the 2009 decree.  

Mother
concedes that the trial court possessed jurisdiction to hear Father’s motion to
modify and to sign the January 11, 2012 order modifying the parent-child
relationship.  The January 11, 2012 order modifying the parent-child
relationship––the order from which this appeal was perfected–––sets forth various
terms for Mother’s and Father’s conservatorship and support of W.G.O. III, including
the rights and duties of Mother and Father concerning W.G.O. III and Mother’s
and Father’s rights to access and possession of W.G.O. III.  Mother raises no
challenges to and makes no complaints concerning the January 11, 2012 order
modifying the parent-child relationship, other than that it should have
modified the 2007 decree instead of what Mother contends is the void 2009
decree.  But Mother does not explain on appeal how or why any of the terms in
the January 11, 2012 order modifying Mother’s and Father’s conservatorship and
support of W.G.O. III would be different if the trial court was modifying the
2007 decree or the 2009 decree.[3]

          Mother
relies heavily on the case of In re Lovito-Nelson, 278 S.W.3d 773, 775
(Tex. 2009) (orig. proceeding).  But Lovito-Nelson was an original
proceeding in which the supreme court held that a motion for new trial may be
granted only by a written, signed order and that in the absence of a written,
signed order granting a new trial, the trial court’s judgment in Lovito-Nelson
had become final.  Id.[4]  As previously mentioned,
the order appealed from here is the January 11, 2012 order modifying the
parent-child relationship; Mother raises no complaints concerning the terms of the
modification order and has not argued that the terms of the modification order
would have been different if it were modifying the 2007 decree instead of the
allegedly void 2009 decree.[5]  Lovito-Nelson,
if relevant, is relevant only to Mother’s finality argument; Mother’s
finality argument concerning the 2007 decree has no bearing on the propriety of
the January 11, 2012 modification order appealed from here.  We overrule
Mother’s first two issues and the portion of her third issue raising her
finality arguments.

Also
in her third issue, Mother complains that the trial court should have granted
her motion for continuance of the hearing on Father’s motion to modify.  In her
motion for continuance, Mother asserts that the trial court should grant her
motion for summary judgment and declaratory judgment, both seeking a ruling
that the 2007 decree was the final decree and that she wanted to call a teacher
from Antlers, Oklahoma, as a witness and that the teacher was unavailable at
the time set for trial.  The motion for continuance indicates that the teacher
would testify about the quality of the Choctaw Nation school in Antlers,
Oklahoma, and her observations of Mother and Mother’s family.  A trial court’s action in granting or denying a motion for continuance
will not be disturbed on appeal unless the record discloses an abuse of
discretion.  See Gen. Motors Corp. v. Gayle, 951 S.W.2d 469, 476 (Tex. 1997) (orig. proceeding); Sw. Country Enters., Inc. v.
Lucky Lady Oil Co., 991 S.W.2d 490, 493 (Tex. App.—Fort Worth 1999, pet. denied).  The
entire record must be examined in a review for abuse of discretion regarding a
motion for continuance.  Garza
v. Serrato, 699 S.W.2d 275, 281 (Tex. App.—San Antonio 1985, writ
ref’d n.r.e.).  Mother does not argue that the trial court abused its
discretion by denying her motion for continuance; she argues that she was
“deprived of her opportunity to present her case fully in the modification (or
adjudication) of the residence and conservatorship issues, [and was] thus
denied her constitutional right to a jury, due process, and to petition for a
redress of grievances.”  Mother and Father were the only two witnesses at the
modification trial.  We have thoroughly reviewed the entire record, and we
cannot conclude that the trial court abused its discretion by denying Mother’s
motion for continuance.  The record shows that Father has always lived in
Texas; that W.G.O. III was in kindergarten at the time of the modification
hearing and that he had always attended school in Texas; and that Mother moved
back and forth between Texas and Antlers, Oklahoma, where she had family and a
support system.  The quality of the Choctaw Nation schools available to W.G.O.
III in Antlers, Oklahoma, both in terms of education and culture, was not in
dispute.  We hold that the trial court did not abuse its discretion by denying
Mother’s motion for continuance.

To
the extent Mother’s third issue also encompasses a claim that she was entitled
to a jury trial because she paid a jury fee, Mother waived that right by
failing to object to proceeding without a jury when the case was called for
trial.[6]  See Walker v. Walker,
619 S.W.2d 196, 198 (Tex. Civ. App.––Tyler 1981, writ ref’d n.r.e.) (explaining
that even if jury demand was made and jury fee paid, party waives right to jury
when he fails to object to proceeding without a jury when the case is called to
trial; after the trial court rules adversely to a party, he cannot complain
that he was entitled to have a jury, not the court, decide the fact question). 
We overrule the remainder of Mother’s third issue.

In
her fourth issue, Mother complains that the trial court erred by not making
findings of fact and conclusions of law after it signed the January 11, 2012
“Final Order of Modification in Suit Affecting the Parent-Child Relationship.” 
In her brief and in oral argument, Mother argues that findings of fact and
conclusions of law are necessary to enable her to determine why the trial court
concluded that the 2009 judgment was the final judgment, not the 2007 judgment. 
Findings of fact and conclusions of law from the trial court concerning its
reasoning in determining that the 2009 judgment was the final judgment will not
impact or alter our analysis in this opinion.  Mother has raised no issue
challenging the merits of the January 11, 2012 “Final Order of Modification in
Suit Affecting the Parent-Child Relationship.”  Her only challenge to the modification
order is that it recites that it is modifying the 2009 judgment instead of
modifying the 2007 judgment.[7]  That recitation in the modification
order does not, however, even if erroneous, constitute reversible error.  See
Tex. R. App. P. 44.1(a) (authorizing reversal in a civil case only when error
“probably caused the rendition of an improper judgment”).  That is, Mother has
not raised any complaint concerning any term of the modification order or
argued that the trial court abused its discretion in any way by signing the
modification order; thus, even if the modification order’s recitation of which
judgment is being modified is erroneous, Mother has not shown or attempted to
argue that the erroneous recitation was calculated to cause or did cause any
error in the terms of the modification order.  Consequently, the lack of
findings of fact in this appeal is harmless because the only issues raised by
Mother concern the finality of the 2007 judgment; Mother does not allege that
she was prevented from making a proper presentation of any challenge to the
merits of the modification order and in fact asserts no complaint at all
concerning the merits of the modification order.  See, e.g., Wagner v. Riske,
178 S.W.2d 117, 120 (Tex. 1944) (explaining that trial court’s failure to make
properly requested findings of fact and conclusions of law “will not call for a
reversal of the trial court’s judgment, if the record before the appellate
court affirmatively shows that the complaining party has suffered no injury”); Stubbs
v. Stubbs, 715 S.W.2d 373, 374–75 (Tex. App.—Houston [1st Dist.] 1986, no
writ) (same).  Because the trial court’s failure to make findings of fact and
conclusions of law is harmless in this appeal, we decline to abate the appeal
for findings of fact and conclusions of law.  We overrule Mother’s fourth
issue.

Having
overruled the portions of Mother’s four issues necessary to final disposition
of this appeal, we affirm the trial court’s January 11, 2012 order modifying
the parent-child relationship.  See Tex. R. App. P. 47.1.

 

 

SUE WALKER
JUSTICE

 

PANEL:
GARDNER, WALKER, and MCCOY, JJ. 

 

DELIVERED:  January 10, 2013









[1]See Tex. R. App. P. 47.4.





[2]Mother’s issues are as follows:

1.  Mother was entitled to a declaration under the
Texas Uniform Declaratory Judgment Act[] that the 2007 Decree was the valid
final order, and the trial court erred when it denied Mother’s MSJ, because, as
a matter of law, the 2007 Decree is the valid, final judgment.

2.  The trial court erred when it made further orders
after expiration of its plenary power on December 20, 2007, and all orders of
the trial court from December 20, 2007 until September 12 or 14, 2010, when
jurisdiction was re-acquired, are void because the trial court did not have
jurisdiction over the parties or the claims; thus, it was harmful error when,
on the date of nonjury trial, the trial court denied Mother’s MSJ requesting
clarification of jurisdiction.

3.  Mother did not have adequate notice that trial
would proceed on Father’s Motion to Modify and not her Motion to Enforce; thus,
Mother was deprived of due process, as well as her constitutional and statutory
rights of access to the courts and to have a jury.

4.  The trial court’s failure to file findings of fact
and conclusions of law has harmed Mother because if the trial court was correct
in granting Father’s Motion to Modify, Mother is not able to determine from the
record the bases [sic] for the court’s rulings, and this Court should remand to
the trial court and order preparation and filing of the requested findings and
conclusions. 





[3]In the
trial court, Mother filed a “Motion for Partial Summary Judgment as to Valid Final
Decree,” which the trial court denied and––the day after Father filed his
motion to modify––a “Motion for Enforcement of Final Decree, and For Judgment
and Order,” seeking enforcement of the 2007 judgment and a declaratory judgment
that the 2007 judgment was “the only Final Decree of Divorce . . . in effect.”  Although
in parts of her first three issues Mother raises complaints concerning the
trial court’s rulings and failure to rule on these motions, we need not address
these contentions by Mother because they are not necessary to our final
disposition of this appeal; the trial court’s ruling or its failure to rule on
whether the 2007 or the 2009 judgment was the final judgment does not impact
whether the modifications made by the January 11, 2012 “Final
Order of Modification in Suit Affecting the Parent-Child Relationship”––the
order appealed here––were proper.  See Tex. R. App. P. 47.1 (requiring
appellate court to address only issues necessary to final disposition of the
appeal).  In fact, the parties concede the trial court possessed jurisdiction
to sign the modification order and make no complaints concerning its terms.





[4]Mother previously filed a petition for
writ of mandamus with this court after the trial court signed a written
order granting Father’s motion for new trial following the entry of the 2007
judgment; a different panel of this court denied her petition, and she did not seek relief from the Texas Supreme Court.  See
In re Osborne, No. 02-08-00127-CV, 2008 WL 1777864, at *1 (Tex. App.—Fort Worth Apr. 17,
2008, orig. proceeding) (mem. op.).





[5]If Mother had
challenged the merits of the modification order, we would review it under an
abuse of discretion standard.  See, e.g., Gillespie v. Gillespie, 644 S.W.2d 449, 451
(Tex. 1982) (recognizing that trial court’s order modifying conservatorship is
reviewed under an abuse of discretion standard); In re M.N.G., 113
S.W.3d 27, 32 (Tex. App.––Fort Worth 2003, no pet.) (same).





[6]Mother’s
motion for continuance is titled “Motion for Continuance of 12/17/10 Nonjury
Trial Setting,” showing that Mother understood the case was to be tried without
a jury.  





[7]Moreover,
the trial court stated on the record its reasons for determining that the 2009
judgment was the final judgment.  It stated,

All right.  I don’t know if the lawyers have seen it,
but Judge Lehrmann, back on April 9th, 2008, heard a hearing just on
this matter, [the finality of the 2009 judgment,] and has a very extensive
docket entry explaining why the 2007 order and the 2009 orders are in play and
their roles in this case.

So you’re more than welcome, folks, later on to look at
her determination that this court can sign a[n] order in 2009 which superseded
the ’07.  And I’m going to go ahead and take judicial notice of that order that
was signed in 2009 by Judge Lehrmann, who is now Justice Lehrmann.