

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00559-CV

**IN RE** Kishan Kumar **MANTGANI**

Original Mandamus Proceeding[1]

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed:  November 7, 2018

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator, Kishan Kumar Mantgani, asserts the trial court abused its discretion by granting a motion for new trial after its plenary power had expired.  Because we agree, we conditionally grant the petition for writ of mandamus.

### BACKGROUND

After the real party in interest (the "RPI") filed a petition for divorce, relator answered and filed a motion to dismiss the petition.  In his motion to dismiss, relator denied the existence of any marriage to the RPI, claiming he was married to another woman.  The RPI later supplemented her petition to allege a putative marriage.  On August 29, 2016, the associate judge signed an order granting the motion to dismiss with prejudice.

---

[1] This proceeding arises out of Cause No. 2015-CVG-002787-D4, styled *In the Matter of the Marriage of San Juanita Barajas Mantgani and Kishan Kumar Mantgani*, pending in the 406th Judicial District Court, Webb County, Texas, the Honorable Oscar J. Hale, Jr. presiding.

On September 20, 2016, the RPI filed a motion asking for clarification of the order or, alternatively, a motion for new trial. In her motion, the RPI stated two reasons for a new trial: (1) "The Order that was signed was to dismiss the case. The order that was supposed to be signed was only to declare the Marriage between the parties invalid," and (2) "The parties have a child and properties and interest in the property."

On November 2, 2016, the associate judge conducted a hearing on the RPI's motion, and the following notation appears on the docket sheet: "Hearing set for Motion for New Trial. . . . Court to amend order signed on 8/29/16. Court will not dismiss case. Orders to be submitted by both attorneys. No further dates provided." A written order granting the motion for new trial was never signed, and no other written order memorializing the above "notation" was ever signed.

On December 7, 2017, relator filed a motion to dismiss for lack of jurisdiction. Relator argued that because no new trial order had been signed, the trial court lost plenary jurisdiction on November 12, 2016, seventy-five days after the August 29, 2016 judgment. Relator asserted any orders signed after November 12, 2016 were void and he asked the court to dismiss the case due to lack of plenary jurisdiction. On February 13, 2018, the district court conducted a hearing on the motion to dismiss. On June 25, 2018, the court signed an "Order Accepting Recommendation of Associate Judge and Amending Ruling [sic] Previous Order of Associate Judge." The order states, in part, as follows:

> It is hereby Ordered and Decreed that [the RPI] may proceed in this matter regarding claims and her cause of action of a Putative Marriage and that the current Suit Affecting The Parent Child Relationship claims likewise remain on the court's docket.

> It is hereby Ordered that the claim by [the RPI] for formal marriage remain dismissed.

On August 9, 2018, relator filed his petition for writ of mandamus. Relator asserts the June 25, 2018 order is void because it was rendered after the trial court's plenary jurisdiction expired. The RPI filed a response.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Mandamus will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). To satisfy the clear abuse of discretion standard, the relator must show "that the trial court could reasonably have reached only one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam).

"Mandamus is appropriate to set aside an order for new trial that is granted after the court's plenary power expires and that is, therefore, void." *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding) (per curiam); *see also In re Zavala*, No. 04-10-00436-CV, 2010 WL 3418282, at *1 (Tex. App.—San Antonio Aug. 31, 2010, orig. proceeding) (mem. op.) (per curiam) (holding same). If the trial court has no power to grant the new trial, "any subsequent retrial would be a nullity." *Dickason*, 987 S.W.2d at 571. Under these circumstances, a relator does not have an adequate remedy at law and is entitled to mandamus relief. *Id.*

## WAIVER

As a preliminary matter, the RPI asserts relator delayed in seeking mandamus relief. However, the RPI's contention rests not on relator's delay after the trial court signed the new trial order, but instead, on her argument that relator conducted discovery and "obtained rulings from

the court" on pending matters after November 2, 2016. The RPI relies on caselaw that stands for the proposition that delay alone in seeking mandamus relief is ample grounds to deny relief. While this is true, the mandamus record here does not support the RPI's argument. The trial court signed the new trial order on June 25, 2018. Forty-five days later, on August 9, 2018, relator filed his petition for writ of mandamus. Therefore, on this record, we cannot conclude relator waived his right to seek mandamus relief.

## MOTION FOR NEW TRIAL

"The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct or reform the judgment within thirty days after the judgment is signed." TEX. R. CIV. P. 329b(d). Motions to alter the judgment, including motions for new trial, are overruled automatically by operation of law seventy-five days after judgment, unless the court signs a written order granting or denying the motion before expiration of the seventy-five-day period. *See* TEX. R. CIV. P. 329b(c). Once a timely-filed motion for new trial is overruled, the court retains plenary power for another thirty days to grant a new trial or to vacate, modify, correct, or reform the judgment. *See* TEX. R. CIV. P. 329b(e).

On August 29, 2016, the associate judge signed an order granting relator's motion to dismiss with prejudice. On September 20, 2016, the RPI filed a motion asking for clarification of the order or, alternatively, a motion for new trial. The RPI's motion for new trial triggered the seventy-five-day period for extending plenary power and ruling on the motion under Rule 329b(c). The seventy-fifth day after the court's August 29, 2016 order dismissing the case with prejudice was November 12, 2016. Because November 12 was a Saturday, time was extended to Monday November 14, 2016. *See* TEX. R. CIV. P. 4 (in computing time periods under the rules of civil procedure, "[t]he last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not

a Saturday, Sunday, or legal holiday."); *see also Sims v. Fitzpatrick*, 288 S.W.3d 93, 105 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (applying Rule 4 to computation of Rule 329b(c) seventy-five-day period for ruling on motion for new trial).

Accordingly, the RPI's motion for new trial would have been overruled by operation of law on November 14, 2016, unless the trial court signed a written order granting or denying the motion on that day or earlier. Although the trial court's docket entry states, "Court to amend order signed on 8/29/16. Court will not dismiss case," the mandamus record does not contain a written order granting the RPI's motion for new trial that was signed on or before November 14, 2016. Thus, the motion for new trial was overruled by operation of law on November 14, 2016. The trial court retained plenary power to "vacate, modify, correct, or reform" its August 29, 2016 order of dismissal "until thirty days after" the RPI's motion for new trial was "overruled, either by a written and signed order or by operation of law, whichever occurs first." *See* TEX. R. CIV. P. 329b(e). Thirty days after November 14, 2016 was December 14, 2016. The trial court did not sign a written new trial order until June 25, 2018.

In her response to the petition for writ of mandamus, the RPI agrees with relator that the suit related to the existence of a formal or informal marriage was dismissed with prejudice. However, she asserts the issues of a "putative marriage and the SAPCR matters" remain pending before the court.

Although the court's docket sheet appears to state the trial court's intention to amend the August 29, 2016 order and not dismiss the case, there is no written new trial order, or any written amended order specifying the amendments, clarifying what if any issues were dismissed, or clarifying which issues remain pending. Within the seventy-five-day period, a court order granting or denying a motion to alter the judgment is effective only if it is in writing. The Supreme Court of Texas has consistently held that a written order granting a new trial is mandatory. *See*

*Horizon/CMS Healthcare Corp., Inc. v. Fischer*, 111 S.W.3d 67, 68 (Tex. 2003) (per curiam) (declining to overrule precedent, ignore Rule 329b, and accept docket entry in lieu of written order); *Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex. 1993) (orig. proceeding) (per curiam) (holding oral pronouncement and docket entry indicating motion for new trial was granted cannot be substituted for a written order). A court may not grant a new trial by implication. *See In re Lovito-Nelson*, 278 S.W.3d 773, 775-76 (Tex. 2009) (orig. proceeding) (per curiam); *McCormack v. Guillot*, 597 S.W.2d 345, 346 (Tex. 1980) (orig. proceeding). The *Lovito-Nelson* Court held, "It is important that the requirement of a written order granting a motion for new trial be a bright-line rule." 278 S.W.3d at 775. "The requirement is not difficult to meet, and the movant who fails to satisfy it is not left without [the] possibility of relief. [She] may still attempt to prosecute an appeal, a restricted appeal, or a bill of review. But a motion for new trial is not granted without a signed, written order explicitly granting the motion." *Id.* at 776.

Because no written order granting a new trial or amending the August 29, 2016 order was signed within seventy-five days of the August 29, 2016 dismissal order, the trial court lost plenary power on December 14, 2016. Therefore, we conclude the trial court's June 25, 2018 order was signed long after the court's plenary power expired. "Judicial action taken after the court's jurisdiction over a cause has expired is a nullity." *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam).

## CONCLUSION

For the reason stated above, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate, within fifteen days from this opinion, its June 25, 2018 Order Accepting Recommendation of Associate Judge and Amending Previous Order of Associate

Judge.  We are confident the trial court will comply with this opinion within the next fifteen days. A writ will issue only if the trial court fails to do so.

Luz Elena D. Chapa, Justice